RACHEL CROWDER, plaintiff in error, *vs*. THE STATE OF GEORGIA, defendant in error.

> Though confessions alone will not authorize a conviction, yet when the assistance furnished the prisoners to escape from jail were two augers, to one of which the defendant had peculiar access, and when the defendant frequently visited the jail to see her husband, who was one of the prisoners, and in whose cell the augers were used, and made repeated confessions to various persons of her guilt and her connection with the augers, and where she got them, such repeated confessions, in connection with her peculiar access to one of the augers and to the jail to visit her husband, will authorize her conviction; and this court will not control the discretion of the court below in refusing to grant a new trial.

Criminal law.   Confessions.   Before Judge KIDDOO.   Terrell Superior Court.   November Term, 1875.

Reported in the opinion.

A. HOOD; T. J. PICKETT, for plaintiff in error.

JAMES T. FLEWELLEN, solicitor general, by brief, for the state.

JACKSON, Judge.

Rachel Crowder was indicted for assisting her husband, a prisoner in jail, to escape.   She confessed the crime to several witnesses, and was convicted.   A motion was made for a new trial, but refused, and the case is before us on the single question, is there evidence enough to sustain the verdict?   She cooked for a gentleman to whom one of the augers furnished the prisoner belonged, and had access to it where he kept it hanging in the dining room.   She visited the jail very often to see her husband, and had every opportunity to convey the two augers used to the jail.   The augers were used in her husband's cell.   We have no doubt of her guilt, and think the confessions sufficiently corroborated by these circumstances to sustain the legality of the finding.

Judgment affirmed.