|63  339|
|105  189|

## DANIEL *vs.* THE STATE OF GEORGIA.

[ Warner, Chief Justice, being engaged in presiding over the senate organized as a court of impeachment, did not sit in this case.]

The confessions of the defendant are sufficiently corroborated by the circumstances proven, and by the fact that the deceased was unlawfully killed, to authorize a conviction of guilty as principal in the second degree; the charge is not erroneous; the verdict is supported by sufficient evidence ; the presiding judge approves it, and this court has no legal authority to reverse the judgment overruling the motion for a new trial.

Criminal law. New trial. Before Judge CRISP. Lee Superior Court. March Term, 1879.

Reported in the opinion.

SIMMONS & SIMMONS, for plaintiff in error.

C. B. HUDSON, solicitor-general; D. H. POPE; HAWKINS & HAWKINS, for the state.

JACKSON, Justice.

The defendant was tried and convicted of murder as principal in the second degree in Lee superior court. The person killed was assassinated at night, shot in his bedroom, at the window and through the window where he was sitting. That the perpetrators of the deed were murderers is not questioned. The only point is this, does the evidence, under the rules of law, connect this defendant therewith? He confessed that he was present, aiding and abetting, and the point is made that though he confessed it he is not guilty because he cannot be convicted on confessions uncorroborated. Code, §3792.

So that the question recurs, are his confessions corroborated by sufficient evidence? In *Holsenbake vs. The State*, 45 *Ga.*, 43, it was held that if the proof showed that the person killed and about whom the confession was made, was unlawfully killed, that fact is enough of itself to corroborate the confession so as to authorize a conviction. If the confessions are corroborated by circumstances, it is enough. *Crowder vs. The State*, 56 *Ga.*, 44; *Williams vs. The State*, 57 *Ib.*, 478.

That Whitsell was unlawfully killed is clear; therefore, that corroborates. That the buck-shot were found in the room and the holes made in the head of deceased had the appearance of being made by them, and that defendant confessed he furnished such shot and saw the musket loaded with them, is a circumstance going to corroborate the confession. That the marks of the shot were on the window-blinds through which they passed, and that defendant said that deceased was shot at and through the window, is also a corroborating circumstance. These, without looking further, are sufficient to authorize the conviction. The

jury have passed upon the case; it was submitted to them fairly; the presiding judge approves the finding, the evidence supports it, and we do not feel at liberty in such a case to interfere under the law.

Judgment affirmed.