## HARDEMAN *v.* BELL.

1. A request to charge the legal effect of a portion of the testimony of the sole witness for the plaintiff is properly refused where the same witness on cross-examination contradicts the matters to which the request relates.
2. The evidence demanded the verdict for the defendant.

Submitted May 23, — Decided June 8, 1904.

Complaint — appeal. Before Judge Fite. Cobb superior court. December 11, 1903.

*Griffin & Attaway,* for plaintiff.     *J. Z. Foster,* for defendant.

Evans, J.   Hardeman sued Bell in a justice's court, alleging an indebtedness of $66.72 upon an open account, a copy of which was attached to the summons.     An appeal was taken from the judgment of the justice's court to the superior court, and on the trial of the appeal case the plaintiff testified on direct examination that the account sued on was just, true, due, and correct as stated.   On cross-examination, he testified that the defendant did not personally get any of the goods embraced in the bill of particulars; that Walraven got all of the goods, a portion of which he sold himself; and that the remainder were sold by his clerks.   He was unable to identify the goods sold by himself.   He knew that the amount sold by his clerks was correct, because they were honest.   At the trial in the justice's court, Walraven admitted in the presence of the defendant that he got all of the goods set out in the account.   This was all the evidence that was offered by the plaintiff.   No evidence was offered by the defendant.   The judge refused a written request of the plaintiff to charge the following: " I charge you, gentlemen of the jury, that when the plaintiff testified that the account sued upon was just, due, unpaid, and correct, as stated, a prima facie case is made; and stopping there, it would be your duty to find for the plaintiff."

Even if the request presented a correct legal principle as to the effect of the testimony of the plaintiff that the account was just, due, unpaid, and correct, as stated, the court properly refused to give the same in charge, because on cross-examination the plaintiff wholly failed to make out his case, or to show that any of the goods were either purchased by or delivered to the defendant or on his order.     Plaintiff admitted that all of the goods were pur-

chased by one Walraven.    What connection Walraven had with the defendant does not appear in the testimony.    Before the defendant could be made liable for any account contracted by Walraven the authority of Walraven should be made to appear.    The verdict for the defendant was demanded by the testimony, and the court did not err in refusing a new trial.

<div style="text-align:center">

*Judgment affirmed.  All the Justices concur.*