## 50.  LINDER *v.* RENFROE.

1. In application for certiorari, all the allegations of fact therein contained, including statements of what was testified, are to be taken and considered as true by the court, when clearly set forth and when the petition is verified as prescribed in the Civil Code, § 4638.
2. Until the time for the answer to the writ has arrived, these statements of the petition as to the evidence, rulings of the court, or any other fact which developed or transpired in any proceeding in the lower court, taken as the truth, are to be applied by the reviewing court to such assignments of error as are properly presented by and contained in the petition.
3. Where it appeared, from the statement of the evidence in the petition, that an account upon which a verdict was rendered was not proved, and further, that the verdict was greater than the amount sued for, and error was distinctly assigned upon both of these grounds, the petition should have been sanctioned, and the writ of certiorari should have been ordered to issue. And the refusal to grant this writ was error.

Certiorari, from Johnson superior court—Judge Rawlings. June 11, 1906.

Submitted January 17,—Decided January 22, 1907.

*E. L. Stephens,* for plaintiff in error.

RUSSELL, J.    Renfroe sued Linder on an open account for $40.06, and on the trial, May 28, 1906, the jury in justice's court rendered the following verdict: "We, the jury, find in favor of the plaintiff $43.32, principal and interest;" and judgment was entered accordingly. The defendant sought to review this judgment of the justice's court, but the judge, on June 11, refused to

sanction his petition for certiorari; and this refusal to sanction the petition and to order the issuance of the writ is the error assigned by him as plaintiff in error in the bill of exceptions now before us. The dates of the verdict and judgment and of the judge's order show that it was not refused because it was presented too late; the affidavit is the one required by the Civil Code, §4638; the assignments of error are specific. These facts are stated because they present themselves as we endeavor to ascertain the reason for the judge's order declining to sanction the writ, and lead us to the conclusion that his action was perhaps controlled by his decision that the evidence, as set forth in the petition, warranted the verdict. Whether this was his reason or not, the testimony in this case did not authorize the verdict. And therefore, upon a review of the petition for certiorari, we are obliged to hold that the judge of the superior court erred in refusing to order the issuance of the writ. From the petition which was presented we take the evidence of what transpired in the justice's court. In that court Renfroe, the plaintiff, on direct examination, testified: "I am the plaintiff, and the account is just, true, correct, due, and unpaid." On cross-examination he admits that he did not sell Linder all the goods charged in the account. A clerk sold some of them. He further swore that he did not know what part of the goods charged in the account he sold,—that he could not separate the goods he sold from the goods sold by his clerks; that the goods sold by his clerks were entered upon slips of paper, or memoranda, and he would then copy them off on the book. He admitted that he did not know what part of the goods were sold by himself or what part were sold by a clerk, that he did not remember whether he sold any of the goods to Mr. Linder personally or not, or whether the goods were bought by Mr. Linder or not, or whether they were delivered to him or bought by any one who had authority to buy and have them charged to his account; and concluded by saying that he did not know whether Mr. Linder got the goods or not, or whether he got the benefit of them or not. Witness further testified that he kept the books some, and Mr. Chapman worked on them for him some. Chapman was next introduced, and his testimony was as follows: "I don't know whether the account is correct or not. If the account is correctly copied from the books, it is correct, but I don't know whether it is correctly copied from the

books or not. I don't know whether the goods were bought by Linder or not. I don't know of my own knowledge whether they were delivered to him or whether he got the benefit of them or not. I clerk for Mr. Renfroe." On direct examination a witness testified that he presented the account to the defendant, and he said that it was all right, but Mr. Renfroe owed him for rent of the store. But on cross-examination this witness stated that he had never itemized the account sued on and presented it to Linder, nor had Linder ever admitted that the account sued on was a correct one or that he made it. The plaintiff then put up the defendant himself, and he testified that he did not know whether the account was correct or not, or whether any one for him got the goods charged in the account. They might or might not. Plaintiff then offered the account in evidence. The defendant objected, on the ground that the correctness of the account had not been proved as required by law. And the objection was sustained. The case then went to the jury.

We are at a loss to see upon what evidence the jury based the verdict quoted above. In *Southern Home B. & L. Asso.* v. *Butler*, 111 *Ga.* 826, it is ruled, that though a witness upon his direct examination testified in general terms that a particular account was correct, yet where upon cross-examination he admitted that he did not know anything as to the accuracy and correctness of the account, outside of the books from which it was taken, the correctness of the account was not duly proved. And in *Dougan* v. *Dunham*, 115 *Ga.* 1012, it was held, that the correctness of an account can not be lawfully proved by the testimony of a witness that the same is "a correct copy of the charges made on the books" kept by her, when the witness further testifies that "she knew nothing of her own knowledge" with respect to the account, and "only copied in the book entries given to her . . . on slips." And in the headnote in that case the court says that the superior court erred in not sustaining defendant's petition for certiorari, because the magistrate had erred in admitting illegal testimony against them which was necessarily prejudicial. In the case now under consideration, the plaintiff, it is true, testified to enough, if there had been nothing more, to prove his case; and the testimony of Hicks might have proved an admission on the part of the defendant of the justness and correctness of the account, if there had been

no cross-examination. But in the case of both witnesses there *was* a cross-examination, and this developed the insufficiency of their testimony, and the fact that they were testifying more from inference than actual knowledge. In *Evans* v. *Scofield,* 120 *Ga.* 961, this very point was decided, and the Supreme Court said, that where the evidence upon the direct examination is of such a character as to authorize an inference supporting the claim of the plaintiff, but upon the cross-examination of the witness it develops that this inference can not be properly drawn, the plaintiff can not recover. It is true that in that case there was but one witness, but the principle would not be varied if the same conditions applied to a greater number; for instance, two witnesses, as in this case; for Cobb, J., in his opinion in that case, says: "If the case rested upon the testimony given upon the direct examination of the sole witness for the plaintiff, a judgment for the plaintiff would have been authorized. But upon cross-examination it distinctly appears that the inference which would naturally be drawn from the testimony upon the direct examination,—that is, that the witness had sold for the plaintiff to the defendants the goods in question,— was unauthorized, and that the witness really knew nothing of his own knowledge about the sale of the articles. Such being the case, the statement that the account was correct, due, and unpaid counts for nothing. The plaintiff proved its case and then disproved it." He then cites *Evans* v. *Josephine Mills,* 119 *Ga.* 448 (2), which lays down the same principle. In the case of *Hardman* v. *Bell,* 120 *Ga.* 342, in which the verdict was rendered for the defendant upon similar evidence to that contained in this record, as to proof of the account, and a new trial was refused, the judgment was affirmed, .the Supreme Court holding that the verdict for the defendant was *demanded* by the evidence. Nor did the testimony in this case with regard to the books tend to prove the account, for no books were tendered, nor were the conditions prescribed by the Civil Code, § 5182, complied with. Having considered the testimony of the plaintiff and his counsel which falls under the rule in the case of *Evans* v. *Scofield,* supra, so as to render it worthless to the plaintiff in this case, we need only to remark, as to the other two witnesses, that their testimony was entirely a summary of what they did *not* know. Neither witness claimed to know anything material to the issue.

The defendant, Linder, also properly complained, in his petition for certiorari, of the amount of the verdict. The fact that the verdict was greater than the amount sued for may be explained by the words "principal and interest." It was evidently the intention of the jury to include the interest in the verdict; which is not permissible unless it be specified as such. In a similar case (*Hubbard* v. *McRae,* 95 *Ga.* 706) Judge Lumpkin says: "In view of section 2054 of the code [now section 2882], which provides that all judgments in this State shall bear lawful interest upon the principal amount recovered, and of section 3570 [now §5341] which provides that no part of a judgment shall bear interest except the principal which may be due on the original debt, the objection was well taken. The language in which the objection is expressed is not very apt; but its obvious meaning is, that the verdict includes both principal and interest in one gross sum, and that unless corrected, the judgment entered thereon would bear interest against the defendant upon both the principal and interest." And in this case, under the verdict rendered, and a judgment thereon, interest would run on interest.

As the judge must look alone to the petition, in determining whether it should be sanctioned, we think there was manifest error in refusing to sanction the issuance of the writ of certiorari in this case. All the allegations of fact, including the petitioner's statement of the testimony in the lower court, are to be taken as true (if clearly set forth and properly verified) by the judge of the superior court in deciding whether the writ of certiorari shall or shall not issue. Upon the coming in of the answer from the lower tribunal, the statements of what transpired in the previous trial may be rendered worthless, because in conflict with the answer, to which the statements of the petition must yield, but at the time when the petition is presented the merits of the case depend upon itself alone. The legal preliminary requirements as to verification, the time within which it can be presented, etc., of course must be complied with, but the statements of the petition as to the evidence, rulings of the court, or any other fact which transpired or developed in any proceeding in the lower court, are to be taken and considered as true, and applied to such assignments of error as may be contained in the petition and which are definitely and clearly pointed out. Under these views we think the

petition in this case should be sanctioned and the writ issued; and accordingly the judgment refusing to sanction the petition is

*Reversed.*