4170.  WHITTON v. ENTREKIN.

RUSSELL, J.  1. It is only when the judge of the superior court refuses to sanction a petition for certiorari that the petition is required to be set out in the bill of exceptions. After the petition has been sanctioned, and there has been an adjudication in the superior court, it may be transmitted, by reference thereto, as a part of the record, and need not be identified by the presiding judge. The motion to dismiss the writ of error is therefore overruled.

2. The plaintiff, upon cross-examination, having testified that he did not know anything as to the correctness of any of the items of the account sued on, further than that they appeared upon his books, from which the account had been taken or copied, the correctness of the whole account as stated was not duly proved; and though the finding of the jury, as to the item which was proved, was authorized, the certiorari should have been sustained and a new trial granted. *Linder* v. *Renfroe*, 1 *Ga. App.* 58 (57 S. E. 975).        *Judgment reversed.*

DECIDED JANUARY 30, 1913.

Certiorari; from Haralson superior court—Judge Price Edwards. April 16, 1912.

*C. B. Weatherly, Griffith & Matthews*, for plaintiff in error.
*Buford Boykin*, contra.