30489. WINDER v. THE STATE.

DECIDED MAY 9, 1944.

John R. Strother, J. Wightman Bowden, for plaintiff in error.

Lindley W. Camp, solicitor, John A. Boykin, solicitor-general, Durwood T. Pye, contra.

GARDNER, J. ■ Under the general grounds, it is contended that the evidence is not sufficient to sustain the verdict. This is based largely on the contention that no money was seen to have passed. The jury were authorized to convict the defendant, for the reason that if he was a "pick-up man," as was known to the "number game," this was sufficient to authorize an inference that he was guilty of participating in such a game, since in misdemeanor cases all are principals. If the evidence for the State was credible, it clearly authorized the finding that the defendant was engaged, with others, in the operation of the "number game." The evidence reveals no reason why the testimony of the officers on this issue should not have been accepted, rather than the statement of the defendant. From the allegations of the petition concerning the evidence, which the applicant attached to the petition and alleged to be all of the evidence, the judge of the superior court was authorized to find that the evidence overwhelmingly supported the verdict. So far as the assignments of error touching the insufficiency of the evidence to sustain the verdict are concerned, they are without merit.

■ In special ground 1, error is assigned because the court refused to allow the defendant to introduce the appearance bond, given after he was arrested and taken to the police station. In this bond he gave his address and residence as 397 Bedford Place. This document was offered to contradict the evidence for the State to the effect that when the defendant was first taken to the police station, he gave his address as 210 Jackson Street, and also to contradict the testimony of the officers to the effect that the defendant resided at 210 Jackson Street, where he was arrested. Granting that this evidence was material, it was clearly a self-serving declaration. In our view of the case, however, it was immaterial. Under the evidence in this case, we can not see that it matters whether the defendant resided at 210 Jackson Street or 397 Bedford. Place. Evidently the jury believed, and the evidence without doubt sustained the fact, that when he was arrested at 210 Jackson Street he was then engaged in the activities of a "pick-up man," as this position is known in the "number game." So what difference could it make whether he lived there or whether he did not? Notwithstanding considerable testimony and argument, as we gather from the record, concerning his residence, this assignment is without merit.

■ Special ground 2 is without merit, because the evidence reveals that the defendant was arrested on September 8, 1943, and was convicted at the January, 1944, term of the superior court of Fulton County for the offense for which he was arrested. It goes without further ado that this is within the two-year period of the statute of limitations.

■ Special ground 3 assigns error on an excerpt from the charge of the court, as above set forth. It will be observed that this contention has to do with the presumption arising against a husband as head of the house. The evidence reveals some conflict as to where the defendant resided, and the trial judge could very easily have entertained some doubt as to his residence; still we think he was authorized, under the evidence, to give the charge and leave the question to the jury. Even though we should adopt as true the defendant's contention that he did not live at 210 Jackson Street, but at some other place, the evidence, as we have heretofore observed, proves as a fact that he was in possession of and exercised control over the gambling paraphernalia at the time he was arrested. This being true, no harm could have resulted to him from the charge to which he excepts. Conceding that it was unauthorized by the evidence, there is not one word in the evidence that his wife, wherever she lived, had anything to do with the gaming paraphernalia. This assignment is without merit.

■ Able counsel for the plaintiff in error, without giving any particular numerical designation to an assignment of error, advances an over-all argument. This contention is to the effect, using the words of counsel, "Were this case based solely upon the general grounds, and there was any evidence to support the verdict, the judge of the superior court might, in the exercise of a legal discretion, refuse to sanction the writ of certiorari. . . The plaintiff in error contends that, where the petition for certiorari assigns error on questions of law, the judge of the superior court fails to exercise a legal discretion when he refuses to sanction the petition for certiorari. The plaintiff in error contends that he has a right to have these legal questions passed upon by the superior court. For this reason the plaintiff in error says that in the present case the superior court erred in refusing to sanction the petition for certiorari." So it is agreed by counsel that, under the evidence, the judge of the superior court in the exer-.

cise of his discretion was authorized under the general grounds to sustain the verdict on the evidence in the petition for certiorari. But counsel say that since the defendant alleged in his petition for certiorari that the trial court committed error in the charge, the superior court judge had no lawful right to deny the petition; that the law demanded that he sanction the petition because of this assignment of an alleged erroneous charge by the trial court. We do not think that this position is well taken. Counsel cite as authority for his position *Griffin* v. *State*, 12 *Ga. App.* 615 (5) (77 S. E. 1080). The case relied upon is lengthy and will not be gone into here. Suffice it to say that as we view the case, it is not at all authority for the position taken by counsel. Counsels' contention is in effect that, in any case—be the evidence ever so overwhelming in favor of the verdict, and be the trial ever so free from errors of law committed—if forsooth the applicant sees fit to allege an erroneous charge of the court or some other violation of a legal principle, the court is bound under the law to sanction the petition and require that the case go on its procedural course, and be delayed perhaps for months or years merely because the petitioner has alleged such an error of law. With this we can not agree. When a petition for certiorari is presented to the judge of the superior court, it is his duty to take the allegations of the petition as true—that is, the evidence and what happened on the trial, not the erroneous conclusions of the applicant drawn therefrom—and sanction or deny the petition. As we have stated, if the evidence is conflicting, he may exercise his discretion in granting or denying the certiorari so far as the evidence is concerned. But as to questions of law, he has no discretion. The law is fixed. If the petitioner draws an erroneous conclusion of law from the whole record of his application, it is the duty of the judge to deny the sanction of the certiorari. In *Linder* v. *Renfroe*, 1 *Ga. App.* 58 (57 S. E. 975), this court held: "In application for certiorari, all the allegations of fact therein contained, including statements of what was testified, are to be taken and considered as true by the court, when clearly set forth and when the petition is verified as prescribed in the Civil Code, § 4638." See *Bush* v. *Roberts*, 4 *Ga. App.* 531 (2) (62 S. E. 92). Also, *Shedd* v. *Stow*, 18 *Ga. App.* 274 (4) (89 S. E. 352), where it is said: "It is the duty of the judge of the superior court, when presented with a petition

for certiorari, legal in form, to take the allegations contained therein as true. The petition in this case was legal in form, and if the allegations contained therein are taken as true, it was the duty of the judge to sanction the writ of certiorari." Therefore, in the instant case, wherein the petition (a) contains conflicting evidence, and (b) sets out the exclusion of testimony which was clearly immaterial, and (c) complains of an excerpt from the charge which is clearly correct—and all of these things are set out in the petition—the court did not err in refusing to sanction the writ of certiorari. We entertain no doubt that the judge in the exercise of his discretion experienced no difficulty in finding that the evidence amply authorized the verdict; and we are equally as free of doubt that he was convinced, as we are, that the assignments of errors of law during the progress of the trial are without merit. This being true, he was not required to sanction the writ of certiorari, but it was his duty to deny it.

*Judgment affirmed. Broyles, C. J., and MacIntyre, J., concur.*