30766.   SIMMONS *v.* THE STATE.

DECIDED JANUARY 17, 1945.

*C. G. Battle,* for plaintiff in error.

*Lindley W. Camp, solicitor, John A. Boykin, solicitor-general, Durwood T. Pye,* contra.

GARDNER, J. ■ A jury in the criminal court of Fulton County returned a verdict of guilty against the defendant for a violation of the lottery laws, generally known as the "number game." He obtained the sanction of the writ of certiorari. On the final hearing the writ was denied and dismissed. On that judgment he assigns error here.

The assignments of error are alphabetically designated. Those designated a, b, c, d, and e deal with the general grounds. The evidence introduced by the State shows substantially, that four policemen, two in one car and two in another car, observed the defendant driving his car. He had a companion with him. Within the course of several blocks, the policemen, blocked the defendant's car. Caught in this position the defendant fled from his car, making the flight between two buildings. Within a short distance he was overtaken and arrested by the officers. At the request of one of the officers the defendant's companion lifted the seat of the car and handed the officers a bag of lottery tickets. The defendant's car was taken to a nearby garage. Upon further search an additional sack of lottery tickets was discovered under the seat of the car. This also was taken possession of by the officers. The officers who took charge of the defendant questioned him as to whom the "stuff" belonged, and for whom he worked. Whereupon he replied that he was working for Raymond Parks. An officer then said: "He is in the army, isn't he?" And the defendant laughed and said "Yes." The two bags of lottery tickets evidenced a somewhat extensive operation of the number game.

The State introduced several witnesses who participated in the apprehension and arrest of the defendant. They testified that they were assigned to the lottery squad. They testified that from their work and experience for several years in such capacity they had made many arrests of those charged with violating the lottery laws; that, from their experience and personal knowledge, and from information obtained from discussions with offenders, they were familiar with the manner in which the game was carried on and operated, in its every phase, and that on the day of the defendant's arrest the illegal enterprise was being operated in Fulton County. They further testified that the contents of the two sacks were original tickets, used in the operation of the

18

lottery game. This evidence was sufficient upon which to base a conviction. *Mills* v. *State,* 71 *Ga. App.* 353 (30 S. E. 2d, 824).

■ Special grounds f, g, and h assign error because the court admitted, over objection of the defendant, testimony of one of the policemen, a witness for the State, to the effect that from his experience and information he was familiar with the lottery game and the method and means of its operation. The officer gave in detail the manner of the operation and the means necessary, and the connection the tickets, which were procured from the defendant's car, played in connection therewith. The objection to this testimony was that it permitted the witness illegally to give his conclusion and opinion as to a material fact, and that such testimony was irrelevant, immaterial, and prejudicial. This court dealt fully with such assignments of error on practically the same evidence in *Mills* v. *State,* supra.

■ Special ground i: While a State's witness was on the stand under cross-examination, the court refused to permit counsel for the plaintiff in error to repeat a question which had already been propounded and answered by the witness. The scope of cross-examination is largely within the discretion of the court. The record reveals that the subject-matter here involved had been fully developed previously by counsel on cross-examination. *Corley* v. *State,* 64 *Ga. App.* 841, 843 (4) (14 S. E. 2d, 121).

■ Special ground j: While a witness for the State was on the stand, the court permitted him, over objection, to testify as to the arrest of other persons for violations of the lottery laws known as the number game on the day of the defendant's arrest. During the trial there was considerable testimony as to whether this game was in operation in Fulton County on that date. It was in this connection that the evidence was offered and admitted. The nature of this offense is, according to the evidence, that the participants usually consist of bankers, check-up men, pick-up men [this defendant's role], writers, and players. While under the strict rules of evidence, perhaps this evidence should not have been admitted; but since the existence of the game in Fulton County on the date the defendant was arrested had been so overwhelmingly established by testimony from other witnesses, and in view of the whole evidence in this case, the admission of the evidence objected to

did not, in our opinion, so harm and prejudice the defendant's case as to require a reversal.

■ Special ground k assigns error because the court, over objection, admitted the two bags of lottery tickets obtained from the defendant's automobile. It is argued that they were not identified by any competent and capable person as lottery tickets used on the occasion in question. This ground is without merit. *Mills* v. *State,* supra.

■ Special ground 1 assigns error because the "jurisdictional fact of venue was not proven." The evidence shows that the tickets were found in the defendant's possession in Fulton County. They bore the date of the defendant's arrest. The court was authorized to conclude, and the jury to find, from all the evidence, that they were being currently used on that date in the lottery game which was then being operated in Fulton County, Georgia. *Shi* v. *State,* 52 *Ga. App.* 358 (183 S. E. 331); *Mills* v. *State,* supra. The court did not err in denying and dismissing the certiorari for any of the reasons assigned.

*Judgment affirmed. Broyles, C. J., and MacIntyre, J., concur.*