33518.   LUMPKIN *v.* THE STATE.

DECIDED MAY 8, 1951.

832

Rupert A. Brown, for plaintiff in error.

D. M. Pollock, Solicitor-General, contra.

GARDNER, J. 1. Special ground 1: The court did not err in permitting one of the police officers, making the search and the arrest of the defendant, to testify, over the objection of the defendant, as to the lottery ticket found in the hand of Estelle Geter, describing the same, and as to the duplicate of this ticket found in the book which a search of the defendant's person revealed, and in describing the make-up of a numbers game lottery ticket. This testimony was admissible and it has been held that anyone familiar with the operation of a lottery may describe the same and the various articles used in the operation thereof. Mills v. State, 71 Ga. App. 353 (30 S. E. 2d, 824). It was not error to allow the witness to testify in the same con-

nection that "first of all, you have your buyer who goes to the seller's house, they themselves tell the seller or writer." While this statement is incomplete in this ground, the witness was describing the manner and method of operating a lottery in the sale or "writing" and purchase of the tickets showing the numbers played by the particular person playing. Testimony describing the manner and method of the operation of a lottery is not hearsay testimony. Error is assigned on the above in the first special ground.

2. The testimony of the witness, Williams, a police officer, was not inadmissible, in describing the method and manner of conducting the numbers game lottery or "bug" game, because he based his testimony on knowledge of the game gleaned from its operation in other places than Athens and Clarke County. The witness could give the reasons why he was familiar with the operation of this lottery game or racket. It is not shown that the "bug" game is played differently in any manner whether the lottery is conducted in Athens, Georgia, Atlanta, Georgia, or Detroit, Michigan, or whether operated in Baltimore, Maryland, or Washington, D. C. The witness in his testimony stated positively that he knew how the game itself was operated.

For the above reasons it was not error for the witness Williams to testify for the State that at the time he became familiar with the numbers-game lottery, the numbers used were obtained from a different source than at the present time, although the manner and method of the operation of the game was the same.

It was not error for this officer to testify that he had not played the numbers game himself but that he obtained his knowledge by interviewing players and others familiar with the game. And it was not reversible error for the court to remark, in allowing the witness to so testify, "Go ahead. It is like a horse race. I could explain a horse race, although I have never ridden a race horse. I think that is the only way you can explain it."

Error is assigned on the foregoing in the 2d, 3d, and 4th special grounds. See the cases of *Mills* v. *State,* supra; *Simmons* v. *State,* 72 *Ga. App.* 16 (32 S. E. 2d, 842), and many others, holding that testimony as to the manner and method

of the operation of the numbers-game lottery was not inadmissible as hearsay but was proper and relevant. There is no error shown in this ground.

3. Special ground 5: It was not error for the court to allow in evidence, over the objection of the defendant, the lottery tickets found, the book or books of duplicates and the so-called lottery papers, because it did not appear affirmatively therefrom that they had been written within the two years next preceding the indictment, and because it did not appear that the defendant or any one else had hazarded any money as a result of these particular tickets being written, and because said evidence was circumstantial and did not exclude every other reasonable hypothesis. This error is assigned in the fifth special ground of the defendant's amendment to the motion for new trial.

The defendant, in her admission to officer McKinnon, who testified, stated that she had written the lottery ticket found in the hand of Estelle Geter, while Estelle was in the defendant's home, and who admitted to the police in the presence of the defendant that this ticket did not belong to her but that she had wagered the money of another girl on the numbers represented thereby. The defendant, when the other tickets and books were produced (one of which contained a duplicate of the ticket found in the hand of Estelle), admitted that the tickets belonged to her and that she had written these tickets, including the one discovered in Estelle's hand. These admissions were in evidence, not objected to, and the witness testified that they were freely and voluntarily made, without any hope of benefit or fear of injury. Nothing to the contrary appearing, it will be presumed that the ticket found in the hands of Estelle Geter was written on that day, and that the book of duplicates containing a duplicate of this ticket was likewise written on that day or thereabouts.

Such articles were properly admitted in evidence, when identified by the witnesses as having been found on the person of the defendant. See *Lunsford* v. *State*, 60 *Ga. App.* 537 (6) (4 S. E. 2d, 112); *Mack* v. *State*, 65 *Ga. App.* 812 (16 S. E. 2d, 519).

4. There is no merit in the contention that the verdict was contrary to the law and to the facts, because it appeared that the tickets, books and papers found in the defendant's pos-

session, were found in a man's sock and not in a woman's stocking or other feminine apparel or articles, and that any presumption as to the ownership thereof was that they belonged to the defendant's son, who was a man and resided in this house with her, and not to the defendant, a woman. These articles were found upon the person of the defendant. There was ample evidence to sustain the verdict. Besides the defendant admitted the writing of the tickets. There is no merit in the contention that the evidence showed only a sale of a ticket and not the maintenance and operation of a lottery. It is true that there is a distinction between maintaining and operating a lottery and in selling lottery tickets. See *Rawlins* v. *State*, 70 *Ga. App.* 308, 315 (20 S. E. 2d, 350). We think that the evidence here was sufficient to support the charge that the defendant conducted, operated and carried on a lottery, that is, was in the lottery business, as charged in the indictment. The defendant admitted to being a "writer", one of the persons necessary to the operation of the lottery business, and this constituted being engaged in that business. A conviction was authorized for operating a lottery game. See *Thomas* v. *State*, 118 *Ga.* 774 (45 S. E. 622).

No error of law appearing from any of the special grounds of the motion for new trial and the evidence amply supporting the verdict of guilty rendered by the jury, the trial judge correctly overruled the defendant's motion for new trial, as amended.

*Judgment affirmed. MacIntyre, P.J., and Townsend, J., concur.*