### 33733. WILLIAMS *v.* THE STATE.

MacINTYRE, P. J. 1. Where upon the trial of one under an indictment charging that he did on March 7, 1951, "keep, maintain, employ and carry on a lottery, the same being a scheme and device for the hazarding of money, known and designated as the number game," evidence is introduced that such lottery was in operation in the county in question on that date and detailed information as to the manner in which the lottery is operated is also introduced, the trial court does not err in allowing a witness to testify that in his opinion the tickets found in the possession of the defendant are lottery tickets or in permitting their introduction in evidence. *Lumpkin* v. *State*, 83 *Ga. App.* 831 (3) (65 S. E. 2d, 184); *Lunsford* v. *State*, 60 *Ga. App.* 537 (6) (4 S. E. 2d, 112); *Mack* v. *State*, 65 *Ga. App.* 812 (16 S. E. 2d, 519); and,

2. Where evidence such as that specified in the foregoing division is introduced upon the trial, the jury is authorized to find that the corpus delicti has been established and that the defendant is guilty of the offense charged (*Mack* v. *State*, supra, and citations); and

3. Were it not true that such evidence is alone sufficient to authorize the conviction of the defendant of the offense charged, the defendant twice confessed his guilt, once orally at the time of his arrest, and again in writing after he had been confined in the stockade, and these confessions were both sufficient to connect the defendant with the commission of the offense charged; and, when taken in connection with the proof of the corpus delicti, authorized the jury to find him guilty. *Bines* v. *State*, 118 *Ga.* 320, 325 (45 S. E. 376, 68 L. R. A. 33); *Grimes* v. *State*, 79 *Ga. App.* 489, 501 (54 S. E. 2d, 302); *Daniel* v. *State*, 63 *Ga.* 339; *Paul* v. *State*, 65 *Ga.* 152; *Williams* v. *State*, 69 *Ga.* 11; *Westbrook* v. *State*, 91 *Ga.* 11 (2) (16 S. E. 100); *Schaefer* v. *State*, 93 *Ga.* 177 (18 S. E. 552); *Wimberly* v. *State*, 105 *Ga.* 188 (31 S. E. 162).

4. (*a*) If a confession is admitted without objection, and if the evidence shows without dispute that it was not voluntary, then, whether the confession is objected to or not, it is not legal evidence and has no probative value; but,

(*b*) When an objection to a confession is offered at the time the confession is sought to be introduced in evidence, then, before the confession is admissible in evidence, a prima facie showing as to its voluntary character must be made; and if the preliminary proof fails to make such a showing, the confession must be excluded; but, after such proper preliminary proof of its voluntary character, the confession becomes admissible, and the defendant may then by evidence attack its voluntary character, and when the defendant does so attack the confession, the question of the voluntariness of the confession is for

the jury, (*Sconyers* v. *State,* 67 *Ga. App.* 902, 21 S. E. 2d, 504; *Harrison* v. *State,* 83 *Ga. App.* 367, 64 S. E. 2d, 83); see also in this connection, *Lemon* v. *State,* 80 *Ga. App.* 854 (57 S. E. 2d, 626); and

(c) Where a witness for the State is, without objection, allowed to read to the jury an alleged confession made by the defendant which has been reduced to writing and signed by the defendant, and counsel for the defendant attempts by cross-examination of the witness to establish the involuntary character of the confession, and objects only to the introduction of the writing, it is still a question for the jury whether or not the confession was voluntarily made where the circumstances surrounding the making of the confession were not so unusual that they must be said to show as a matter of law that such confession was not voluntarily made. *Bryant* v. *State,* 191 *Ga.* 686, 714 (13 S. E. 2d, 820); *Lemon* v. *State,* supra; *Ellis* v. *State,* 51 *Ga. App.* 557, 559 (181 S. E. 87).

There being no merit in any of the assignments of error made in the special grounds of the motion, and the evidence being sufficient to authorize the verdict, the court did not err in overruling the motion for a new trial.

*Judgment affirmed. Gardner and Townsend, JJ., concur.*

DECIDED JANUARY 10, 1952—REHEARING DENIED MARCH 10, 1952.

*James W. Arnold,* for plaintiff in error.
*D. M. Pollock, Solicitor-General,* contra.