### 33843. LAY *v.* THE STATE.

DECIDED FEBRUARY 19, 1952.

316

*James W. Arnold*, for plaintiff in error.

*D. M. Pollock, Solicitor-General*, contra.

GARDNER, J. 1. There was no error in permitting, over the objection of the defendant's counsel, a State witness, who was one of the officers arresting the defendant, to testify as to the manner and method of operating the form of lottery known as the number game, and that such game was being operated in Athens and Clarke County at the time the defendant was apprehended, other persons having been convicted thereof during the time, including Charlie Williams, the person about whom the witness Hector had testified to the effect that both he and the

defendant worked with him in the operation of the lottery. The witness testified as to facts showing his knowledge of and familiarity with the operation of the number game. This evidence was admissible. This has been ruled several times by this court. See *Mills* v. *State*, 71 *Ga. App.* 353 (30 S. E. 2d, 824); *Lumpkin* v. *State*, 83 *Ga. App.* 831 (65 S. E. 2d, 184).

2. The trial court did not err in admitting in evidence, over the objection of the defendant, the little package which one of the arresting officers had testified that he saw the defendant throw away as he sought to elude these officers. Witnesses for the State, including its witness Hector, who testified as to having worked with the defendant, testified that the contents of the little package were lottery tickets. The defendant was charged with operating a lottery on March 1, 1951, and was arrested on that day. The witnesses testified that the tickets were for March 1, 1951, and showed the players and the amounts and numbers played. As to similar evidence having been held properly admitted, see *Lunsford* v. *State*, 60 *Ga. App.* 537 (4 S. E. 2d, 112), and *Lumpkin* v. *State*, supra. These so-called lottery tickets were sufficiently identified as being lottery tickets, that is, tickets used in the operation of the number game, a copy of which is given to the player, a copy kept by the writer, and a copy delivered to headquarters.

3. The court did not err, as contended by the defendant, in charging the jury that, "If you believe there was a lottery being carried on in this county within two years next preceding the finding of the indictment, and if you believe that this defendant participated in any way therein, if you believe that beyond a reasonable doubt, you would be authorized to find him guilty." This charge was not error because the court did not use the words, "known as the number game," in its charge in reference to this lottery. The jury well understood what kind of lottery the court had reference to in this charge. The words, "lottery known as the number game," were used throughout the charge as a whole and in the indictment. The evidence on this trial all concerned a lottery known as the number game. This instruction was not vague and indefinite and was not misleading or confusing to the jury.

4. The evidence authorized the jury to find the defendant

guilty of participating in the operation of a lottery known as the number game. There was no such fatal variance between the allegata and probata as to render the verdict of guilty contrary to law and the evidence, in that the State was bound by the allegation in the indictment that the lottery was committed March 1, 1951, as the date when it was committed; and the verdict was not contrary to law and the evidence because it did not appear, as to the particular tickets found, that money was hazarded or prizes offered. The evidence amply supported the verdict that the defendant was participating in operating this lottery called the number game, at the time he was arrested, which was March 1, 1951. The general grounds show no error.

5. None of the special grounds of the motion for a new trial shows error, the verdict is amply supported by the evidence, and it was not error to overrule the defendant's motion for a new trial as amended.

*Judgment affirmed. MacIntyre, P. J., and Townsend, J., concur.*