### 34336. FORD v. THE STATE.

CARLISLE, J. 1. Where, from the evidence adduced on the trial of one charged with and convicted of the offense of keeping, maintaining, and operating a lottery in Fulton County, Georgia, it appears that there was a lottery in operation in that county of the same nature as that described in *Turk* v. *State,* 55 *Ga. App.* 732 (191 S. E. 283), on the day the officers, who arrested the defendant, entered her home, where they found her and another woman, who held in her hand a tablet containing two pages of what was identified as lottery numbers of the type used in the lottery then currently in operation, and where the defendant admitted that she was a "writer," and that the tablet containing the numbers belonged to her, that the other woman was just there to play a number—the evidence authorized the verdict and was of such nature as to exclude every reasonable hypothesis save that of the guilt of the defendant, and the Superior Court of Fulton County did not err in overruling the defendant's petition for certiorari on the ground of the insufficiency of the evidence. *Allen* v. *State,* 67 *Ga. App.* 269 (19 S. E. 2d, 843); *Rowe* v. *State,* 68 *Ga. App.* 6 (21 S. E. 2d, 816); *Winder* v. *State,* 71 *Ga. App.* 100 (30 S. E. 2d, 294); *Jackson* v. *State,* 71 *Ga. App.* 138 (30 S. E. 2d, 354).

2. There is no merit in the assignment of error that the State's failure to prove that the numbers on the two pages of the tablet had been written within two years prior to the date of the accusation vitiated the verdict. *Green* v. *State,* 86 *Ga. App.* 890 (72 S. E. 2d, 771); *Lumpkin* v. *State,* 83 *Ga. App.* 831 (3) (65 S. E. 2d, 184).

3. No objection was registered prior to the verdict as to the admissibility of the defendant's admission that the tablet belonged to her, and the objection could not be raised for the first time in the petition for certiorari.

The superior court did not err in overruling the petition for certiorari for any reason assigned.

*Judgment affirmed. Gardner, P. J., and Townsend, J., concur.*

DECIDED NOVEMBER 8, 1952—REHEARING DENIED NOVEMBER 25, 1952.

*C. D. Miller, C. G. Battle,* for plaintiff in error.

*Paul Webb, Solicitor-General, John I. Kelley, B. B. Zellars, Charlie O. Murphy,* contra.