34495.   WILLIAMS *v*. THE STATE.

DECIDED FEBRUARY 21, 1953.

*Wendell J. Helton, John R. Strother,* for plaintiff in error.

*Paul Webb, Solicitor-General, John I. Kelley, Solicitor, J. E. Thrift, Charlie O. Murphy,* contra.

GARDNER, P. J. ■ It is insisted that the court erred in admitting in evidence the so-called lottery tickets found by the officers in the possession of the defendant when they apprehended her. It appeared that the defendant went into a house, and the officers followed and stopped her, and that she had in her possession certain tickets which the officers identified as tickets used by the players and operators of the numbers-game lottery. The defendant insists that it was error to admit and consider such tickets because they were not identified by the name of any person thereon, either the player or the operator, and because they were not dated. These tickets had certain figures like "739-35", "379-42" and others thereon, and also in the upper right-hand corner three of the four tickets had the figure "18", and also at the bottom of each ticket there was a figure which equaled the total of one line of figures as the amount played. One ticket had the initials "N. G." at the top and another had "BaBe." Deputy Sheriff Bennett, one of the officers apprehending the defendant, testified that these were lottery tickets and explained the figures and numbers thereon. He testified that the figure "439-2" indicated that the player had placed a two-cent bet on numbers "439". The figure in the upper right-hand corner is the writer's number, according to the undisputed testimony of this officer. He testified: "These are original lottery tickets used in the lottery known as the numbers game." There was also testimony that the defendant had freely and voluntarily stated to the officers that "she was picking up lottery tickets." One of the persons used in the operation of the numbers game lottery is the pickup man. The court did not err in admitting these papers in evidence and in considering them. The fact that no date appeared on the tickets did not render them inadmissible.

■ The evidence authorized the defendant's conviction of operating a lottery. Her admissions and the testimony of the

officers and the tickets found upon her person were sufficient proof that she was engaged, on January 14, 1952, in operating the numbers-game lottery. In her statement the defendant's explanation as to the possession of these tickets was that someone had given her a package in a woman's room.

It follows that no error of law appearing and the evidence authorizing the defendant's conviction, the judge of the superior court did not err in overruling the petition for certiorari.

*Judgment affirmed. Townsend and Carlisle, JJ., concur.*