## 35068. BAILEY *v.* THE STATE.

CARLISLE, J. Where, by stipulation between counsel for the State and for the accused, it is established that, on the day on which the accused was arrested, there was in operation in Fulton County a lottery known as

the numbers game, operated in a specified manner; and, where, from the other evidence adduced upon her trial, it appears that, on the date of her arrest, April 17, 1951, the accused was found in possession of a large number of lottery tickets of the type then currently in use in the described lottery being operated in the county, and these lottery tickets were introduced in evidence and identified as such, and from the number and type of lottery tickets found on the person of the accused it was inferable that she was a pickup operator in the lottery then in operation in the county—the judge of the Criminal Court of Fulton County, sitting without the intervention of a jury, was authorized to find that the accused committed the offense of participating in the operation of a lottery on the date of her arrest, which was within the two-year period immediately preceding the date the affidavit and accusation were sworn out on May 7, 1951, charging her with such offense; and the Superior Court of Fulton County did not err in overruling the petition for certiorari, based solely on the ground that there was no proof that the offense had been committed within the statute of limitations. *Green v. State*, 86 *Ga. App.* 890 (72 S. E. 2d 771), and citations; *Lumpkin v. State*, 83 *Ga. App.* 831 (65 S. E. 2d 184); *Williams v. State*, 87 *Ga. App.* 661 (74 S. E. 2d 894).

Judgment affirmed. *Gardner, P. J., and Townsend, J., concur.*

DECIDED MARCH 10, 1954.

*Frank A. Bowers*, for plaintiff in error.
*Paul Webb, Solicitor-General, John I. Kelley, Solicitor, C. O. Murphy, J. E. Thrift*, contra.