## 36759. BRYANT v. CITY OF ALBANY.

GARDNER, P. J.   The defendant, Sarah Bryant, was convicted in the Recorder's Court of the City of Albany for the violation of § 16A, Chapter 14 of the 1952 Supplement to the Code of the City of Albany which reads as follows: "It shall be unlawful for any person to possess any ticket, number, combination, or anything representing a chance, in any lottery, or gift enterprise, commonly known as bolita or numbers game, or other similar scheme or device, within the corporate limits of the city, or the police jurisdiction thereof." The defendant, being dissatisfied with the outcome of the case, made application to the Judge of the Superior Court of Dougherty County for the writ of certiorari. The court issued the writ. The recorder filed his answer setting forth what transpired in the recorder's court. This answer was not traversed. On the hearing the superior court denied and dismissed the writ. The defendant filed a bill of exceptions to this court assigning error on the judgment of the superior court dismissing the writ of certiorari.

We see no necessity of setting forth the evidence in detail. Suffice it to say that it is amply sufficient to sustain the verdict found by the recorder. However, we might state in this connection that the defendant admitted to the officers, when they went to her home, that the writing on the piece of paper was her handwriting. The police officers testified that the writing consisted of letters and numbers and other indicia representing a chance enterprise (as described in the ordinance) and which enterprise was in common use in the City of Albany and within its jurisdiction.

While *Allen* v. *State*, 67 *Ga. App.* 269 (19 S. E. 2d 843), and *Williams* v. *State*, 87 *Ga. App.* 661 (74 S. E. 2d 894) were cases prosecuted by the State, the principles of law involved in those cases are the same as those involved in the instant case. The assignments of error are on the general grounds only, and no attack was made on the ordinance in question. This decision accordingly does not extend to a case where a proper attack is made on the ground that the ordinance seeks to regulate a subject matter already regulated by general law in Chapter 26-65 of the Code. In this connection see *Beard* v. *City of*

*Atlanta,* 91 *Ga. App.* 584 (3) (86 S. E. 2d 672), wherein this court discussed this subject matter very thoroughly.

*Judgment affirmed. Townsend and Carlisle, JJ., concur.*

DECIDED JUNE 13, 1957.

*Frank F. Faulk, Jr.,* for plaintiff in error.

*H. G. Rawls,* contra.