## 53639. GARRETT v. THE STATE.

ARGUED MARCH 3, 1977 — DECIDED MARCH 11, 1977.

*William M. Schiller,* for appellant.

*F. Larry Salmon, District Attorney, Wallace W. Rogers, Jr., Assistant District Attorney,* for appellee.

DEEN, Presiding Judge.

1. A witness for the state, one of the victims of the theft, was giving testimony on direct as to how she identified the appellant as the perpetrator. It was her testimony that she had been told that the thief "looked like" the appellant and that she "read in the paper that Freddie Garrett had a trial coming up, and I was determined to come up and see what he looked like" and that she identified the appellant as the thief "up here in the courtroom." The appellant moved for a mistrial after this testimony, urging that his character had been put into evidence by the state. It was established while the jury was out of the courtroom that the appellant was, at the time of the witness' identification, entering a plea of guilty to a charge of burglary. Thus the only evidence before the jury was that the appellant was identified by a prosecutrix while he was involved in a trial, though not necessarily a criminal one. "... [T]he mere presence of the defendant on trial in some other court without more" does not inject his character into evidence. *Creamer v. State,* 229 Ga. 704, 708 (194 SE2d 73). The appellant's character not having been placed in issue by the witness' testimony, the motion for mistrial was properly overruled. There was no requirement that the judge instruct the jury to disregard the statement of the witness; such instruction most probably would have had the effect of emphasizing the testimony in the minds of the jurors and giving the testimony a more sinister import than the evidence had standing alone.

2. During the course of cross examination of a state's witness, the defense attorney propounded a question dealing with the identification of individuals during occasions of emotional distress, such as during a theft. This question was objected to and the objection was sustained. The record reveals that the question, in so many words, had been asked of and answered by the witness at least one other time during the examination. Where the same question has been asked and answered by a witness, the trial court does not unduly limit a

defendant's right to a thorough and sifting cross examination by refusing to allow it to be repeated again. *Simmons v. State,* 72 Ga. App. 16 (3) (32 SE2d 842).

3. A witness for the state testified that she could identify the appellant as the thief from his build and profile but not from his face. The defense counsel asked this witness: "But, based upon your identification only — not anybody else's, do you feel that it was clear enough so that beyond a reasonable doubt, Freddie Garrett was the person who took your handbags?" The judge sustained an objection to this question as invading the province of the jury but allowed the examination of the witness' identification of the appellant to proceed along more general lines. The defense counsel asked if the witness felt she were able to make an identification without having seen the appellant's face; the witness responded in the affirmative. A witness may testify as to his opinion that a defendant was the thief, where the facts upon which that opinion is based are fully stated. *Randall v. State,* 73 Ga. App. 354 (3) (36 SE2d 450). This the witness did. However, "[T]he weight and credit to be given to identification evidence are matters for the jury's determination." *Curtis v. State,* 224 Ga. 870, 873 (165 SE2d 150). The objection was properly sustained.

4. The appellant urges that his motion for directed verdict as to one count of the indictment should have been granted because the state failed to prove the value of the stolen property exceeded $100. The state offered the testimony of the owner of a stolen purse which was the basis of the count in question. After laying a proper foundation, this witness gave evidence, which the jury was authorized to believe, that she lost by theft the following: $10 in cash; a wallet worth $18; a purse with a $60 value; keys costing $10.20 to replace; and lipstick costing $2.25 to $2.50 to replace. There was thus evidence that the property which was subject to theft exceeded $100 in value. Code Ann. § 26-1812 (a). Denial of the motion for directed verdict was proper.

5. The appellant objects to the following charge: "Gentlemen, the Defendant has interposed as a defense in this case that he is a victim of mistaken identity. It is for you, the Jury, to say whether, under the evidence in the

case, the testimony of witnesses, and the facts and circumstances, sufficiently identify such Defendant as the perpetrator of the crime beyond a reasonable doubt. It is not necessary that the Defendant prove that another person committed the offense. It is sufficient, if there are facts and circumstances which would raise a reasonable doubt as to whether this Defendant is, in fact, the person who committed the crime." This charge does not put the burden on the appellant to prove his defense of mistaken identity "to the reasonable satisfaction of the jury" or to any other standard of proof. Compare *Patterson v. State,* 233 Ga. 724, 729 (213 SE2d 612). It correctly charges that the burden is upon the state to establish the identity of the appellant as the thief, and this to beyond a reasonable doubt. *State v. Moore,* 237 Ga. 269, 270 (227 SE2d 241). The charge was not burden shifting. *Lofton v. State,* 237 Ga. 275 (227 SE2d 327).

6. The appellant objects to the charge on alibi. The language used in the charge is substantially the same as that approved in *Smith v. State,* 236 Ga. 5, 9 (222 SE2d 357). The entire charge, taken as a whole, demonstrates that the jury was adequately and properly instructed that the burden was on the state to prove each element of the crime charged beyond a reasonable doubt and that this burden includes evidence of the identity of the appellant as the perpetrator of the crime beyond a reasonable doubt. The charge was not burden shifting. Compare *Patterson v. State,* 233 Ga. 724, 729, supra.

7. The appellant urges that it was error for the trial judge to fail to charge without request on the impeachment of the witnesses. The record does not support the contention that the testimony of the witness whose evidence is alleged to have been impeached was in fact disproved or contradicted in any material respect. There was no error.

8. The remaining enumerations of error are deemed abandoned by authority of this court's Rule 18 [c] [2].

*Judgment affirmed. Webb and Marshall, JJ., concur.*