## 77898. SCOTT v. THE STATE.
(378 SE2d 738)

Birdsong, Judge.

Alfred Scott, Jr., was convicted by a jury of criminal trespass and sentenced to 12 months; 48 days in confinement and the remainder on probation. Scott brings this appeal enumerating two alleged errors. *Held*:

1. In his first enumeration of error, Scott asserts the trial court erred in allowing evidence of prior, uncharged misconduct wherein Scott was earlier tried for simple battery upon the victim of the criminal trespass but found not guilty. We find no merit in this enumeration. In the first instance, the State never introduced any evidence of a criminal trial for simple battery and consequently the result of such a trial likewise was never presented to the jury. On cross-examination, in an effort at impeachment, the appellant exhibited to the victim a copy of her testimony at a trial but the underlying charge and result of that trial were never introduced. Secondly, the principal issue presented at the trial was whether the victim could identify Scott as the intruder into her apartment and if so, his motive for doing so, there being no evidence of theft occurring therein or any effort directed toward harming the victim. Moreover, it was incumbent upon the State to prove as one of the elements of the offense that the victim, in some appropriate manner, had communicated to Scott that his presence at that apartment was prohibited. All of the victim's testimony was directed towards Scott's continuing harassment and her efforts, personally and through judicial intervention, to make that harassment cease.

We are satisfied that the evidence adduced by the State was admitted properly to indicate the improbability of misidentification, to establish knowledge by Scott that he was not welcome on the invaded premises (*Wyatt v. State*, 206 Ga. 613, 616-617 (57 SE2d 914)), and to establish a motive, intent, or bent of mind toward his victim. See *Hales v. State*, 250 Ga. 112, 113 (296 SE2d 577) (motive). Moreover, it is clear that the testimony of which complaint is made was elicited as much by defense counsel as by the assistant solicitor. Assuming arguendo that the evidence was improperly adduced, it cannot be made a valid subject of error inasmuch as it was fully pursued by appellant. See *Clyatt v. State*, 126 Ga. App. 779, 783 (192 SE2d 417).

2. In his second enumeration of error, Scott argues the trial court improperly curtailed his cross-examination of the victim wherein appellant sought to show that the victim had loved Scott in the past and was caused to accuse him of criminal conduct through motives of jealousy. Though counsel for Scott was curtailed in extended cross-examination of the victim, evidence was adduced as to the past relationship of Scott and the female victim; that she had professed love for him in the past; that they had cohabited even if only briefly; that she had worked for Scott and had accepted personal services from him in the recent past. Where the subject matter of the alleged curtailed cross-examination has been successfully explored and answered by a witness, the trial judge does not unduly limit a defendant's right to a thorough and sifting cross-examination by refusing to allow it to be repeated or explored further. *Garrett v. State*, 141 Ga. App. 584 (2)

(234 SE2d 161). The scope of cross-examination lies largely within the discretion of the trial court. We will not disturb the exercise of that discretion where, as here, there has been no abuse of that discretion. *Crowder v. State*, 233 Ga. 789 (6) (213 SE2d 620). There is no merit to this enumeration of error.

*Judgment affirmed. Banke, P. J., and Beasley, J., concur.*

DECIDED FEBRUARY 17, 1989.

*James Archie*, for appellant.

*Ralph T. Bowden, Jr., Solicitor, Ann M. Elmore, N. Jackson Cotney, Assistant Solicitors*, for appellee.