20296. OGDEN *v.* THE STATE.

BLOODWORTH, J. 1. Where on the trial of a case in which the defendant was charged with possessing liquor, the defendant had put his character in issue, and a witness for the State, on direct examination, testified that the accused had the reputation of being a bootlegger and that he had been told that he was selling whisky, on cross-examination the accused was entitled to have the witness state whom he had heard say that the accused was a bootlegger or was selling whisky; and it was no excuse for the witness to withhold this information that he had promised to do so.

2. The motion for a new trial alleges that just before the judge gave to the jury the form of their verdict, he charged them that "a husband is recognized as the head of the family, and is guilty of aiding or abetting the commission of a misdemeanor if he knowingly allows liquor to remain on the premises, irrespective of who owns it or puts it there." This is alleged to be error because it was "contrary to evidence and without evidence to support it." The evidence does not show that the wife of the defendant had any liquor or allowed any to remain on his premises. In *Poland* v. *Osborne Lumber Co.,* 34 *Ga. App.* 108 (2) (128 S. E. 198), it was said: "In *Culberson* v. *Alabama Construction Co.,* 127 *Ga.* 599 (1) (56 S. E. 765, 9 L. R. A. (N. S.) 411, 9 Ann. Cas. 507), the Supreme Court held that instructions not warranted by the

evidence are cause for a new trial *if it is not apparent* that the jury could not have been misled by them. See also *Central Georgia Power Co.* v. *Cornwell,* 139 *Ga.* 1 (2) (76 S. E. 387, Ann. Cas. 1914A, 880); *Gaskins* v. *Gaskins,* 145 *Ga.* 806 (1) (89 S. E. 1080); *Southern Marble Co.* v. *Pinyon,* 144 *Ga.* 259 (2) (86 S. E. 1086); *Barrett* v. *Bryant,* 156 *Ga.* 614 (1) (119 S. E. 599); *Kirkland* v. *Brewton,* 32 *Ga. App.* 128 (2) (122 S. E. 814), and citations." Under the foregoing rulings and the evidence in this case, this court can not say that the jury could not have been misled by the charge given.

*Judgment reversed. Luke, J., concurs. Broyles, C. J., concurs in head-note 1 and in the judgment of reversal.*

DECIDED APRIL 16, 1930.

*J. P. Highsmith,* for plaintiff in error.
*Wade H. Watson, solicitor,* contra.