33908.   THOMAS *et al.* v. THE STATE.

Decided March 10, 1952—Rehearing denied April 4, 1952.

*Titus & Altman, Chas. F. Johnson,* for plaintiff in error. ·

*J. B. Edwards, Solicitor-General,* contra.

GARDNER, P.J. 1. In the first amended ground of the defendants' motion for a new trial, error is assigned on the refusal of the court to compel the State's witness, police officer C. M. Dixon, on cross-examination, to divulge the names of the persons who had furnished to him the information from which he testified that he had gained the most of his knowledge as to the manner and method of playing and operating a lottery of the kind charged to the defendants. The witness had testified as to the manner in which the game was played, and how it was operated, and stated that he had never played this game nor operated a lottery, but that he had gained most of his knowledge thereof from what persons had told him. He refused to name to the defendants' counsel the persons furnishing him this information, and the court ruled that he could not be compelled so to do. The defendants excepted to this ruling and also to the testimony given as to the manner and method of conducting the bug or bolita game as being hearsay. While a defendant is entitled to have his counsel thoroughly cross-examine the witnesses against him (Code, § 38-1705), a witness is entitled to be examined only as to relevant matter, and he has a right to be protected from improper questions and from harsh or insulting demeanor. Code, § 38-1704. It is the duty of the trial judge to protect a witness on cross-examination. See *Harris* v. *Central Railroad,* 78 *Ga.* 525 (3) (3 S. E. 355); *Loomis* v. *State,* 78 *Ga. App.* 336 (3b), 351, 352 (51 S. E. 2d, 33). The trial judge has a discretion in controlling the conduct of counsel toward a witness, and its exercise will not be interfered with unless gross outrage to the defendants appears. *Enright* v. *City of Atlanta,* 78 *Ga.* 288 (4). The defendants were entitled to know whether the prosecuting witness knew the manner and method of operating a lottery from his own knowledge and experience or knew thereof from the information which others had furnished to him as a police officer. However, the names of the persons furnishing this information to the officer were not, in this case, material and relevant. The right to cross-examine the prosecuting witness is not abridged where the court refuses to compel the witness to answer a question which is not relevant to the issue on a trial

but is immaterial. *Slappey* v. *State*, 64 *Ga. App.* 713 (13 S. E. 2d, 873) ; *Stevens* v. *State*, 49 *Ga. App.* 248 (2) (174 S. E. 718) ; *Sims* v. *State*, 177 *Ga.* 266 (2), 271 (170 S. E. 58). It would seriously hamper the work of police officers and the enforcement of the law for a police officer to be compellable to divulge in any manner the name of any person who secretly informs him of crime in his city, as to persons violating the law, the whereabouts of such persons, the manner in which laws are being violated in his jurisdiction, etc. The police are materially aided in their work by secret informants, particularly of the underworld. Such information would rarely be forthcoming if the persons giving the same knew that their names were likely to be divulged to the public and even to those against whom they had informed the police, etc. Testimony of the prosecuting witness as to the manner and method of operating the bolita lottery, most of which he stated was gained from others, was properly admitted. It was not inadmissible as hearsay. Such cases as *Sable* v. *State*, 48 *Ga. App.* 174 (172 S. E. 236), *Crawford* v. *State*, 49 *Ga. App.* 801 (176 S. E. 92), *Rawlins* v. *State*, 70 *Ga. App.* 308 (28 S. E. 2d, 350), *Mills* v. *State*, 71 *Ga. App.* 353 (30 S. E. 2d, 824), and *Lumpkin* v. *State*, 83 *Ga. App.* 831 (65 S. E. 2d, 184)— to the effect that, in cases similar to the one at hand, testimony may be given as to the manner in which the numbers game is carried on, although the witnesses obtained the information from others and in their work as officers of the law, and is not a violation of Code, § 38-301, prohibiting hearsay testimony,— will not be reviewed and set aside. The rule laid down by such cases is a sound one and the Supreme Court has declined to upset the same. The case at bar is not materially different from the above line of cases.

The witness here testified that the slips of paper and tickets found in the home of the defendants were lottery tickets and used in the operation of the numbers game, describing the manner in which such lottery is conducted; and also that such form of lottery was at that time being carried on in Thomas County. The witness stated that he obtained his knowledge of the operation of this form of lottery from his experience as a police officer and from what others had told him. The case at bar is not weaker than any of the above line of decisions. The fact that

the witness refused to name those who had informed him as to how this lottery was conducted does not invalidate his testimony as to the manner and method of carrying on the numbers game or bolita lottery nor does it weaken the same. Such fact did not violate the principle that one accused of 'crime is entitled to be confronted by the witnesses against him. The persons informing officer Dixon as to how the numbers game or bolita is operated were not giving evidence against these defendants. The officer testified against them and he was under oath, and the rule is that such witness may properly testify that he gained his knowledge as to the playing and operating of the numbers game from what others had told him, and from his experience as an officer of the law, which consisted of two years as a policeman of Thomasville and twelve years as the sheriff of the county. There is no merit in this special ground.

2. Error is assigned, in special ground 2, on the admission of the so-called lottery slips, sheets, papers, and tickets found by the officers on the table in the home of the defendants, because there was no competent evidence connecting the same with the operation of a lottery, and they had not been properly identified as lottery tickets and sheets used in conducting the numbers game or bolita. There is no merit in this ground. The witness Dixon positively identified such documents as being the kind used in the playing and operation of the lottery known as bolita. The fact that the same were blank and had no names thereon is not material here. The witness stated that they were used in the carrying on of bolita.

3. The error assigned in special ground 3 is covered by the rulings made as to special ground 1 in division 1 hereof. The names of the persons furnishing Dixon with information as to how this lottery was conducted were required to impeach him. The case of *Ogden* v. *State*, 41 *Ga. App.* 360, (153 S. E. 94), is not in point. There the character of the defendant had been put in issue, and one testifying that he had been told that the defendant was a bootlegger could be made to state who had told him this.

4. In special grounds 4 and 5 error is assigned on this charge: "Gentlemen, if you believe beyond a reasonable doubt that the defendants on or about the time named in the indictment, did

keep, maintain, employ and carry on a certain lottery, scheme and device for the hazarding of money and other things of value, and did possess certain bolita tickets, numbers tickets, bug tickets, used in connection with keeping and maintaining said lottery, scheme and device, said lottery scheme and device being called bolita, numbers game and the bug, you would be authorized to find the defendants guilty." Under the evidence this charge was not error for any reason assigned, but was correct and applicable. In *President v. State*, 83 *Ga. App.* 731 (64 S. E. 2d, 596), there was a special demurrer to the indictment, and this court reversed the trial judge, holding that an indictment, drawn under Code § 26-6502, which fails to name the kind of lottery or manner of operation of the scheme charged to be a lottery is defective, in that the same does not sufficiently apprise the defendant of the offense charged. No such question is involved here. The indictment is not assailed and the charge excepted to contains no reversible error.

5. The verdict of guilty as to the defendants was authorized under the evidence and was not contrary to law for any reason. The contention of the defendants that "there is absolutely no evidence as to the existence of a lottery in Thomas County" is without merit. The prosecuting witness testified that the form of lottery, known as the numbers game or bolita, was then being carried on in that county. He said that the same was worse at the present, March and April, 1951, than it had been for three or four years.

6. It follows that, the verdict being supported by the evidence and not being contrary to law, the court properly overruled the defendants' motion for a new trial.

*Judgment affirmed. Townsend and Carlisle, JJ., concur.*