## 37854. HODGES v. THE STATE.

TOWNSEND, Judge. (a) The defendant, Margaret Hodges, was tried and convicted in the Criminal Court of Fulton County for operating a lottery. Her petition for certiorari to the Superior Court of Fulton County was denied, and she assigns error on this judgment on the general grounds. Specifically, it is contended that, conceding the material found in the possession of the defendant in her home when it was searched by police officers acting under a search warrant was properly identified as lottery paraphernalia, and conceding that there was testimony as to the operation of lotteries generally, all testimony in this case on the issue of whether there was in operation in Fulton County, Georgia, on the day in question, a lottery, and whether the defendant participated in that lottery on that day, is either hearsay or a conclusion of the witness entitled to no probative consideration whatever, with the result that there is no evidence showing that the defendant maintained a lottery on June 17, 1958, or within the period of the statute of limitations prior thereto. The State relied on the testimony of W. B. Blackwell, who swore that he had been employed as a law enforcement officer of the City of Atlanta for 10 years; that he was familiar with the manner and method of operation of the number game through arrests and convictions of those egaged in the lottery business; that he had talked to everybody in the lottery business from players on up to the bankers. He then said, "From my knowledge of the operation of the lottery known as the number game I can state that there was a lottery known as the number game in operation in Fulton County on the 17th day of June, 1958." He then described the manner of operation of the lottery. Shown the papers found in the defendant's possession on June 17, 1958, he stated, "This is the first time I have examined this documentary evidence. I don't know what date they were seized or who wrote them. I didn't see a date on them. I don't know what date they were written but I know the lottery is in operation 24 hours a day seven days a week. I don't say the stock market is operated that long but the numbers are based on the stocks and bonds which come out in the paper Monday through Friday and the numbers continue to be written from the time they come out on Friday afternoon, bets are taken to be played on the following Mon-

day." We agree with the plaintiff in error that the testimony of the witness shows that his knowledge of the operation of the game, including his knowledge that the game is in continuous operation, is based upon his experience, investigations, and conversations with others as a police officer rather than upon a direct and immediate experience of his own. That such testimony is admissible in lottery cases was early decided and has been continuously adhered to. In *Sable* v. *State,* 48 *Ga. App.* 174, 176 (172 S. E. 236) it was stated: "Evidence introduced on the part of the State as to the manner in which the game of 'clearing house' was operated was objected to on the ground that it was hearsay, the witnesses themselves diclaiming any actual experience, but gaining their information from others. This court is unwilling to hold that all information not gained at first hand is hearsay. We have no first hand knowledge, from participation therein, of the game sometimes indulged in by our colored brethren known as 'skin;' yet we would be able to testify as to its operation. All knowledge is in one sense hearsay; and yet the testifying to such facts as knowledge gained, either by experience or from others, does not make them hearsay and, as such, inadmissible as evidence. Particular conversations repeated are in most instances hearsay as to a defendant, unless made in his presence. However, general facts do not become hearsay because their existence is discovered through hearing them from others." Examination of the records of *Mills* v. *State,* 71 *Ga. App.* 353 (30 S. E. 2d 824) ; *Williams* v. *State,* 71 *Ga. App.* 155 (30 S. E. 2d 356) ; *Lunsford* v. *State,* 60 *Ga. App.* 537 (4 S. E. 2d 112) and like cases reveals that testimony as to the manner of operation of lotteries has been held admissible when couched in language almost identical with that used in this case. It is important to note that the accusation here is general as to time, and is not a special accusation as was the case in *Estes* v. *State,* 98 *Ga. App.* 521 (106 S. E. 2d 405). Under these precedents, this court could not hold the evidence in this case insufficient to sustain a conviction without overruling almost every lottery case which it has had for decision in the past 25 years. We adhere to our former judgments, and hold that the verdict in this case is not without evidence to support it.

(*b*) We agree with the contention of the defendant that the testimony of the officer, insofar as he attempts to state from

his knowledge of the operation of lottery generally that "the lottery" was in existence in Fulton County, Georgia, on the date alleged in the accusation, is a conclusion entitled to no probative value whatever. How a lottery operates in a given area is information which may be gained from general experience as an investigative officer, as to which he may testify as an expert. But whether in fact a described lottery is operating in a given county on a given day is a question of fact which may only be gained from experience with the specified lottery at the specified place on the specified date. We accordingly hold that insofar as a conviction is sought to be based merely on testimony gained from past experience as to general operation of the game, there would be no testimony of probative value that it was operating in Fulton County on the date in question. For instance, one may be an expert on the subject of poker, and may even testify, after outlining the method of playing the game, that from his experience he can swear that there is a poker game in Fulton County every night. Such testimony has no probative value so far as convicting any named person is concerned until that person is shown to be connected with some particular poker game, not the statistical poker games that, as a matter of probability, are going on *somewhere* in the county. The lottery known as the number game has become a familiar subject matter for this court, and we might state as a matter of observation that the testimony of State's witnesses in such cases in recent years has made us well cognizant of the fact that there have been in the recent past not only one but many, perhaps ten, perhaps a hundred, different and separate such lotteries conducted in Fulton County as well as other counties of the State at the same time. This does not mean that judicial notice will be taken that a lottery or several lotteries exist in Fulton County, but the fact that a lottery exists in the county has no relation to the accused until the accused is participating in *that* lottery. Proof of the existence of *some* one or more lotteries does not establish this fact. Accordingly, proof that *a* lottery known as the number game exists in the county, even direct proof based on personal experience, does not mean that the defendant was connected with the lottery which the witness knows is in existence on the date in question, and it has no probative value so far as convicting the defendant is concerned, even for purposes of venue.

610

(c) Venue and participation must be established *aliunde* opinion testimony of the existence of a lottery, although it may be done in connection with opinion testimony of the operation of a lottery. The venue of the defendant's offense of aiding in the maintaining of a lottery, if participation is otherwise shown, is the place where the defendant is found with the lottery paraphernalia, that is, the place where the defendant is participating. This defendant was found with the lottery paraphernalia in Fulton County, Georgia, thus establishing Fulton County as the venue of her offense of participating in maintaining a lottery. The fact that there was such participation is proved, not by opinion evidence that a lottery, or "the" lottery was in existence in Fulton County on the day in question, but by proof that the defendant had possession of certain equipment, combinations of figures, and so forth which, beyond a reasonable doubt, could have been in her possession for no other reason than that she was engaging in the lottery known as the number game. A writer's ticket according to the so-called experts, has certain identifying characteristics which, especially in connection with other evidence, are so peculiar to lottery writers' tickets that they could not reasonably be anything else, just as a bridge score has certain characteristics which will cause one familiar with the game to differentiate it from a canasta score, a bowling score, or a baseball score. When the paraphernalia located in the possession of the defendant does not have these distinguishing characteristics to a reasonable certainty, the proof fails. *Fleming* v. *State*, 95 *Ga. App.* 3 (96 S. E. 2d 554). No amount of evidence that a lottery or "the" lottery known as the number game is in existence at the time and place will supply the deficiency. It follows that although the evidence attacked here, is objectionable as a conclusion, and has no probative value, the evidence as a whole is nevertheless sufficient to sustain the conviction.

The judge of the superior court did not err in denying the petition for certiorari.

*Judgment affirmed. Carlisle, J., concurs. Gardner, P. J., concurs in the judgment.*

DECIDED SEPTEMBER 21, 1959— REHEARING
DENIED NOVEMBER 3, 1959.

*James R. Venable, Marvin O'Neal, Jr.,* for plaintiff in error.

*Paul Webb, Solicitor-General, John I. Kelley, Solicitor, Eugene L. Tiller,* contra.

GARDNER, Presiding Judge, concurring specially on motion for rehearing. I am in favor of denying the motion for rehearing but wish to state that I do not approve of what is said on motion for rehearing. Therefore I concur only in the judgment denying the motion for a rehearing.