41382. UNDERCOFLER, Commissioner v. AMERICAN LEGION POST 69.
41383. UNDERCOFLER, Commissioner v. VETERANS OF FOREIGN WARS, POST 4625.

SUBMITTED JUNE 9, 1965—DECIDED JUNE 21, 1965— REHEARING DENIED JULY 1, 1965.

*Eugene Cook, Attorney General, Louis F. McDonald, Assistant Attorney General, H. Perry Michael,* for plaintiff in error. *Barrie L. Jones,* contra.

FRANKUM, Judge. Hiram J. Undercofler, as State Revenue Commissioner, issued sales tax assessments against the defendants in these cases seeking to impose a tax under the provisions of the Georgia Retailers and Consumers Sales and Use Tax Act (Ga. L. 1951, pp. 360, 364, as amended by Ga. L. 1960, pp. 153, 158) on receipts from the operation of coin-operated gaming devices known as "slot machines" or "one-armed bandits." He attempted to cancel or abate the assessments and to issue new assessments solely to afford the taxpayers an opportunity to file a timely appeal therefrom, and he thereafter attempted to abate or cancel the second assessments on account of an irregularity therein and to issue a third assessment in each case. The taxpayers appealed the last of these assessments to the superior court which rendered summary judgments in their favor, and the

Commissioner excepted, bringing the cases to this court. In an opinion written by Judge Pannell and concurred in by seven of the judges, this court held that the Revenue Commissioner had no jurisdiction or authority to cancel or abate an assessment solely for the purpose of extending the time for appeal, and that, therefore, the subsequent assessments issued by him, being identical with the previous original assessments, and being issued for the purpose of collecting the tax on exactly the same transactions as covered by the original assessments, were nugatory. *Undercofler v. V.F.W. Post* 4625, 110 Ga. App. 711 (139 SE2d 776). After that opinion was rendered the Commissioner issued sales tax fi. fas. against the taxpayers based on the original assessments, and upon the levy of those fi. fas. the defendants tendered affidavits of illegality contending that the executions having been issued upon assessments made with respect to the proceeds of slot machines, and thus imposing a tax on an illegal transaction, were issued illegally and proceeding illegally. The fi. fas. and affidavits of illegality thereto were regularly returned to the superior court, and the Revenue Commissioner filed general demurrers to the affidavits of illegality which the trial court overruled, and the exceptions here are to those judgments.

On the previous appearance of this litigation before this court Judge Pannell rendered an opinion, which was concurred in by Judge Nichols and this writer, the substance of which is summarized in headnote 2 of that opinion which we have quoted verbatim in the headnote appended hereto. A majority of the court concurred in a special concurrence written by Judge Eberhardt holding that the portion of the opinion embodied in Division 2 and as summarized in the corresponding headnote was merely obiter because the ruling contained in Division 1 of the opinion was determinative of the issues before the court. We now, however, have the question dealt with in Division 2 of that opinion directly presented for a decision, and since it would serve no useful purpose to reiterate the language of that division of the opinion, we adopt by reference what was said by Judge Pannell there as the opinion of the court in these cases and hold, in conformity therewith, that the trial court erred in overruling the demurrers to the affidavits of illegality. *Undercofler v. V.F.W. Post* 4625, 110 Ga. App. 711, 713 (2), supra.

*Judgment reversed. Bell, P. J., and Hall, J., concur.*