## 52040. CHILIVIS v. FLEMING.

PANNELL, Presiding Judge.

This is an appeal by the state revenue commissioner from a ruling of the Superior Court of Richmond County, holding that the Georgia Retailers' and Consumers' Sales and Use Tax Act, particularly the term "retail sale" as defined in said Act, does not apply to the sale and purchase of chances or plays in a lottery known as the numbers game, and that the sale of lottery tickets or chances to participate in the lottery are not taxable under the Act. Error is enumerated upon the grant of summary judgment to the taxpayer and the denial of the commissioner's motion for total or partial summary judgment based upon his contrary construction of the Act.

There was ample expert testimony that the lottery was known as a numbers game in which the holders of a ticket or chance with the lucky number would win a prize or make a profit, and was played for amusement and the chance of winning, and that the purchasers or holders of tickets were commonly called players, and the tickets and chances were sold for a consideration in order to entitle the holder to play the game and if lucky be a prize winner. That a lottery is a game and is played for amusement as well as the chance of profit has been established by a number of decisions of this court, as well

as, that those purchasing a ticket or number are players and that the purchase of a ticket or number is a sale. See in this connection *Britton v. State,* 69 Ga. App. 868, 869 (27 SE2d 100); *Riley v. State,* 68 Ga. App. 747, 748 (24 SE2d 69); *Clay v. State,* 94 Ga. App. 553, 554 (95 SE2d 471); *Ramsey v. State,* 85 Ga. App. 245, 247 (69 SE2d 98); *Thomas v. State,* 85 Ga. App. 868, 871 (70 SE2d 131); *Hodges v. State,* 100 Ga. App. 607, 608 (112 SE2d 226). An examination of foreign authorities indicates that this seems to be a universal concept that a lottery is both a game and an amusement.

That a game is an illegal one does not alter the situation under the Act. *Undercofler v. American Legion Post 69,* 112 Ga. App. 27 (143 SE2d 684) adopting the opinion in Division 2 of the decision in *Undercofler v. V. F. W. Post 4625,* 110 Ga. App. 711 (139 SE2d 776).

So, with these matters disposed of, let us proceed with the construction of the statute.

Section 3(c) 1(c) of the Georgia Retailers' and Consumers' Sales and Use Tax Act (Ga. L. 1951, pp. 360, 364) as amended by Section 1 of the Act approved February 25, 1953 (Ga. L. 1953, Jan-Feb Sess.; Code Ann. § 92-3403(a) C (1) (c) ) reads: "(c) 1. 'Retail sale' or a 'sale at retail' means . . . (c) Sales of tickets, fees or charges made for admission to *or voluntary contributions made to* places of amusement, sports, or entertainment, including billiard and pool rooms, bowling alleys, amusement devices, musical devices, theatres, opera houses, moving picture shows, vaudeville, amusement parks, athletic contests, including wrestling matches, prize fights, boxing and wrestling exhibitions, football and baseball games, skating rinks, race tracks, public bathing places, public dance halls or any other place at which any exhibition, display, amusement or en-tertainment is offered to the public or place or places where an admission fee is charged, *together with charges made for the operation of coin-operated musical devices and other such coin-operated amusement devices and charges made for participation in games and amusement activities.*" The italicized portions were those added by the Act of 1953. The preamble in Section 1 of the Act of 1953, supra, reads: "That Section 3(c) 1(c) of the Georgia

Retailers' and Consumers' Sales and Use Tax Act, which defines certain admission charges taxable has not been clear as to the intent of the General Assembly in regard to the operation of coin-operated musical devices, coin-operated amusement devices, and charges made for participation in games and amusement activities, is hereby amended to show the original intent of the General Assembly. . ." The section was then stricken and then reenacted with the changes shown. The section as amended thus makes a retail sale out of three categories: (1) sales of tickets, fees of charges made for admission to *places* as are described, or the playing of games or amusements at *places;* (2) charges made for the operation of certain devices; and, (3) charges made for participation in games and amusement activities. We fail to see how the charges made for participation in games and amusement activities can be restrained in their generality by applying the *ejusdem generis* rule so as to require the payment of an admission to a place where games and amusement activities are held, or that the games or amusements must be in, or require a *place* for holding them or where the player must be. To us the language prior thereto clearly indicates no intent to limit the generality of the words "games and amusements," but to the contrary. We so held in *Undercofler v. V. F. W. Post 4625,* 110 Ga. App. 711, supra, in reference to a coin-operated slot machine. While the trial judge in his holding stated he was applying the ejusdem generis rule, he failed to state what language in the Act, by application of the rule, limited the generality of the language involved in the present case. We disagree why the charge made for the participation here in a lottery should be excluded from the definition of a retail sale taxable under the Act. The trial judge erred in holding to the contrary, and in (a) sustaining the taxpayer's motion for summary judgment on the ground the Act did not tax the sale of lottery tickets as chances, and (b) overruling the commissioner's motion for summary judgment in this particular. The judgment is reversed, with direction the trial judge rule upon the motion for summary judgment of the commissioner insofar as it relates to the amount of the assessment for taxes, which was not reached by the

judgment appealed from.

*Judgment reversed with direction. Marshall and McMurray, JJ., concur.*

ARGUED APRIL 8, 1976 — DECIDED JUNE 23, 1976 — REHEARING DENIED JULY 12, 1976 —

*Arthur K. Bolton, Attorney General, Robert S. Stubbs, II, Chief Deputy Attorney General, Richard L. Chambers, Deputy Attorney General, H. Perry Michael, Senior Assistant Attorney General, David A. Runnion, Assistant Attorney General,* for appellant.

*William J. Cooney,* for appellee.