54652, 54653. EDGE v. THE STATE (two cases).
54654. PRIGEON v. THE STATE.
54655. SULLIVAN v. THE STATE.

SHULMAN, Judge.

In cases 54653—55, appellants were indicted and tried, along with another defendant, for armed robbery. The other defendant was granted a directed verdict of acquittal; appellants were convicted. Edge and Prigeon appeal their convictions; Edge and Sullivan appeal their sentences. In 54652, Edge appeals the sentence in another

armed robbery conviction in the same court on the same ground as in 54653.

1. Over objection of defense counsel at the joint trial of appellants, a police officer was permitted to testify to the content of a confession allegedly made by Sullivan. The officer testified that Sullivan ". . . said that he was with 'em, with the four other — other three when it happened." Edge and Prigeon have enumerated as error the admission of that testimony, contending it was admitted in contravention of Code Ann. § 38-414: "The confession of one joint offender or conspirator, made after the enterprise is ended, shall be admissible only against himself." Under the circumstances here, where the four defendants were seated together at the defense table, the inescapable inference to be drawn from that testimony was that the "other three" were Sullivan's co-defendant's. We hold that it was reversible error to admit the confession in a form which unmistakably implicated Edge and Prigeon.

The holding of *Ross v. State,* 237 Ga. 611 (2) (229 SE2d 419) is not controlling here. There, defense counsel agreed that the deletion of his client's name would cure the objection. In the present case, counsel made no agreement and pressed his objection.

The state urges that any error in admitting the confession was harmless, citing the "highly probable" test, *Johnson v. State,* 238 Ga. 59 (230 SE2d 869). Although the other evidence would have supported a conviction, it did not demand one. We are unable to say that it is "highly probable" that the error did not contribute to the conviction.

2. Enumerations of error by Edge and Prigeon complaining that admission of Sullivan's confession deprived them of their constitutional right to confrontation need not be discussed in light of our holding above.

3. In his charge to the jury, the trial judge stated that a confession could be considered against the person making it. Edge and Prigeon insist that this charge was erroneous.

While the charge, as given, stated a correct principle, it omitted the most important element of Code Ann. §

38-414, that a confession made after the enterprise has ended is admissible *only* against its maker. The charge was error. When considered in conjunction with the error we found in Division 1, supra, this error demands reversal of the convictions of Edge and Prigeon in cases 54653 and 54654, respectively.

4. In case 54655, Sullivan complains of the use at a presentencing hearing of evidence not disclosed to him prior to the hearing. No convictions were mentioned, only an FBI report of arrests, to which no objection was made. This issue is controlled adversely to Sullivan by *Leach v. State,* 138 Ga. App. 274 (3) (226 SE2d 78) and cits.

5. In cases 54652 and 54653, Edge enumerates as error the presentencing consideration by the trial court of prior convictions without disclosure to the defense of its intention to do so and without a showing that Edge was represented by counsel at the trial which resulted in his first conviction. The issue is moot in case 54653 because we have reversed the conviction. In case 54652, we reverse the sentence only and remand for resentencing on the authority of *Harrison v. State,* 136 Ga. App. 71 (2) (220 SE2d 77); *Van Voltenburg v. State,* 138 Ga. App. 628 (5) (227 SE2d 451).

*Judgment reversed in cases 54653 and 54654; reversed as to sentence only and remanded for resentencing in case 54652; judgment affirmed in case 54655. Bell, C. J., and Banke, J., concur.*

SUBMITTED OCTOBER 11, 1977 — DECIDED DECEMBER 1, 1977.

*R. Alex Crumbley, W. Hal Craig,* for appellants.
*E. Byron Smith, District Attorney, L. Elizabeth Lane, Assistant District Attorney,* for appellee.