## 56536. DIAZ v. THE STATE.

BELL, Chief Judge.

Defendant was convicted of theft by receiving a stolen truck (Count 1) and of possessing the same vehicle which had had its identification number removed and falsified (Count 2). *Held:*

1. The state called as a witness the former girl friend of defendant. After her cross examination, the district attorney's re-direct examination of this witness established the following:

". . . Q. Prior to Sunday had you told me of the nonexistence of Mr. Dixson? A. No, sir. I was afraid to tell you. Q. Why? A. Because Mr. Diaz would probably kill me. He tried already once. Q. If you would, explain that? A. Well when I started going with Mr. Kenmore, he didn't like the idea. Q. Who didn't like it? A. Mr. Diaz. He was screaming and hollering and he choked me. He threw me up against the barn and Clay come out with a gun. Then he let me go . . ."

The defendant then moved for a mistrial on the ground this testimony concerning an assault by defendant on this witness erroneously placed the defendant's character in issue as he had not previously interjected his character into the case. The motion was

denied. The general rule is that on trial for a criminal offense evidence which in any manner shows or tends to show another crime wholly independent of that being tried is inadmissible subject to certain exceptions, none of which apply here. *Sloan v. State,* 115 Ga. App. 852 (156 SE2d 177). This evidence showing that defendant had assaulted this witness was therefore erroneously received as it violates the general rule. The state argues that the error was harmless. Although the admissible evidence in the case authorized the guilty verdicts, it did not demand one. Applying the "highly probable" standard for harmful error, we are unable to hold that it is "highly probable" that the error did not contribute to the convictions. See *Johnson v. State,* 238 Ga. 59 (230 SE2d 869) and *Edge v. State,* 144 Ga. App. 213 (240 SE2d 765). We reverse solely because of this error.

2. The other enumerations of error either have no merit or are not likely to re-occur at a new trial.

*Judgment reversed. Shulman and Birdsong, JJ., concur.*

SUBMITTED SEPTEMBER 20, 1978 — DECIDED DECEMBER 5, 1978.

*Murray M. Silver,* for appellant.
*Frank C. Mills, III, District Attorney, William Pardue, Assistant District Attorney,* for appellee.