36300, 36301. DEPREE v. THE STATE (two cases).

Undercofler, Chief Justice.

Appellant Bernard Depree, alias Bernard Dupree, and his co-defendant, David Burney, Jr., were jointly tried for the murder of Atlanta Police Officer Frank Robert Schlatt and for two counts of armed robbery at a furniture store on May 13, 1978. The State waived the death penalty. Appellant was found guilty of murder and two counts of armed robbery and was sentenced to life imprisonment on each count with the sentences to be served consecutively. Burney was also convicted and received three life sentences which this court affirmed in *Burney v. State,* 244 Ga. 33 (257 SE2d 543) (1979). A third co-defendant, Warren McClesky, was tried separately, convicted as the triggerman in the police officer's murder, and was sentenced to death. This court affirmed McClesky's convictions and sentences in *McClesky v. State,* 245 Ga. 108 (263 SE2d 146) (1980). Ben Wright, Jr., a fourth defendant in the robberies and murder, testified in behalf of the State in exchange for a recommendation of a twenty-year sentence.

The factual situations in the robberies and murder are described

in the *Burney* and *McClesky* decisions and will not be repeated here.

1. In Case No. 36300, appellant alleges in his first enumeration of error that he suffered extreme prejudice as a result of the denial of his motion to sever his trial from that of his co-defendant. He contends that his trial was prejudiced because the confession of his co-defendant was admitted into evidence and because his co-defendant's attorney had never tried a criminal case "properly" and had antagonized the jury before the trial had begun. Beyond those statements, appellant offers no demonstration of prejudice.

Under Code Ann. § 27-2101 (Ga. L. 1971, pp. 891, 892), defendants in capital felony cases in which the State has waived the death penalty may be tried jointly or separately in the discretion of the trial court. Being discretionary, the trial court's denial of the motion to sever will not be disturbed unless the defendant can make a clear showing of prejudice. *Reaves v. State,* 242 Ga. 542, 546 (250 SE2d 376) (1978). See also *Cain v. State,* 235 Ga. 128 (218 SE2d 856) (1975).

Following a Jackson-Denno hearing, Burney's confession was admitted into evidence through the oral testimony of police officers. In this testimony, Burney made references to himself, Warren McClesky, Ben Wright and "another black male," or "other black male subject." Appellant was never identified in the testimony nor did it tend to identify him.

The procedure the State followed in editing out appellant's name from his extra-judicial statement comports with procedures suggested in Paoli v. United States, 352 U. S. 232, 237 (77 SC 294, 1 LE2d 278) (1957) (overruled on other grounds), and followed in State v. Braxton, 294 N. C. 446 (242 SE2d 769) (1978). In Paoli, the court said, "If Whitley's confession had included no reference to petitioner's participation in the conspiracy, its admission would not have been open to petitioner's objection. Similarly, if the trial court had deleted from the confession all references to petitioner's connection with the conspiracy, the admission of the remainder would not have been objectionable." In Braxton, the Supreme Court of North Carolina said there was no violation of the rule set forth in Bruton v. United States, 391 U. S. 123 (88 SC 1620, 20 LE2d 476) (1968) when the statements of multiple defendants were edited to delete therefrom any references to co-defendants. See also *Boyd v. State,* 244 Ga. 130 (259 SE2d 71) (1979).

Appellant complains by supplemental brief that the State first stated to the trial court that it would not violate appellant's rights in regards to the statement by the co-defendant and the Bruton rule but as the trial progressed, the appellant was identified. He contends that after the situation calling for the Bruton rule "no longer obtained"

the State used that rule as a weapon against appellant by explaining a redaction process to the jurors, thus advising them that they were no longer being thwarted by such legal niceties from finding out that the appellant was named in his co-defendant's confession. He claims this was a "well engineered plan to red flag" the co-defendant's confession against him and was prejudicial. We find no merit to the argument.

After appellant's edited statement was introduced, appellant's co-defendant took the witness stand to denounce part of the statement. This freed the State to cross examine him about his extra-judicial statement, including the identity of his co-defendant, and it also gave appellant the right to cross examine. Such a procedure does not violate the Bruton rule. In United States v. Morgan, 562 F2d 1001 (1977), cert. denied 434 U. S. 1050, the court held that where a particular defendant took the stand and testified that he did not make a statement that had been introduced and was available for cross examination by his co-defendants, there was no violation of the ruling in Bruton.

Appellant misplaces his faith in the purpose of Bruton, a narrow decision which overruled prior holdings that a court could issue curative instructions to a jury after a co-defendant's extra-judicial statement not subject to cross examination was introduced into evidence. The evil Bruton sought to cure was the violation of the Confrontation Clause of the Sixth Amendment. See Pointer v. Texas, 380 U. S. 400 (85 SC 1065, 13 LE2d 923) (1965). Once appellant's co-defendant took the stand and answered questions concerning his statement, he was subject to cross examination by the appellant and the Bruton rule had no' application.

Appellant does not argue the effectiveness of his co-defendant's counsel nor the contention that he had antagonized the jury and that portion of his first enumeration is considered abandoned.

Appellant has failed to make a clear showing of prejudice and the trial court did not err in denying the motion to sever.

2. Appellant contends the trial court erred in refusing to disqualify two jurors for cause. One of the jurors was a former policeman, the second had relatives who were police officers. Both stated during voir dire that the fact that the murder victim was a police officer would have some effect on the way they thought in the case. However, the first juror, in response to a question from the court asking him if he could be a fair and impartial juror replied, "I would like to think that I could, yes sir." The second juror, in response to a similar question, stated that she harbored no doubts about being fair and impartial.

While the record reflects some indication that each juror might

be influenced by the fact that the case involved the murder of a policeman, neither indicated a fixed opinion that could not be influenced by the evidence. We held in *Taylor v. State,* 243 Ga. 222 (253 SE2d 191) (1979), that the conduct of the voir dire and whether to strike a juror for cause are within the discretion of the trial court and the court's rulings are proper absent some manifest abuse of discretion. See also *Patterson v. State,* 239 Ga. 409 (238 SE2d 2) (1977) and cits.

In *Tennon v. State,* 235 Ga. 594 (220 SE2d 914) (1975), we held that to disqualify a juror who has formed an opinion based on hearsay, the opinion must be so fixed and definite that it could not be changed by the evidence or the charge of the court upon the trial of the case. The record in this case fails to show that either juror had voiced an opinion as to the guilt or innocence of the accused but reflected only on what influence the juror might feel because the murder victim was a policeman. We find no error in the denial by the trial court of the request to excuse the jurors for cause. Compare *Hutcheson v. State,* 246 Ga. 13 (268 SE2d 643) (1980).

3. Appellant contends, as his third enumeration, that the trial court erred in permitting, over timely objection, a rebuttal witness to testify when the name of that witness was not on the list of witnesses. Appellant concedes that the court allowed counsel time to interview the witness before he testified but contends such procedure was not adequate to cure the error.

We have held many times that calling an unlisted witness in rebuttal is not error. *Prevatte v. State,* 233 Ga. 929 (214 SE2d 365) (1975); *Eberheart v. State,* 232 Ga. 247, 253 (206 SE2d 12) (1974); *Nunnally v. State,* 235 Ga. 693 (13) (221 SE2d 547) (1975); *Mize v. State,* 240 Ga. 197, 199 (240 SE2d 11) (1977).

4. As his fourth enumeration, appellant complains that the trial court erred in failing to direct the prosecutor to refrain from certain of his arguments to the jury. He made no objection at the time of the arguments and raises the issue for the first time on appeal. We have carefully considered appellant's citation of authority but agree with the State that there is nothing in this enumeration for the court to review. *State v. Griffin,* 240 Ga. 470 (241 SE2d 230) (1978).

5. Appellant contends also that the trial court erred in overruling his motion for new trial on the grounds that the testimony of accomplice Ben Wright, Jr., was not independently corroborated by evidence which tends to connect the accused with the crime. Wright testified in detail about the circumstances of the robberies and the slaying of Officer Schlatt. The testimony put the appellant at the scene as a participant. The testimony of Wright's girlfriend, Mary Jenkins, clearly corroborated Wright's testimony in putting the four

defendants together the morning of the robberies and murder. The rebuttal testimony of Howard James Smith, who had been a jail mate of the appellant, also tended to establish appellant's identity and connection to the crimes. Corroboration as to identity and participation was sufficient to meet the test this court established in *West v. State,* 232 Ga. 861, 865 (209 SE2d 195) (1974). See also *Reaves,* supra.

Appellant contends that the testimony of Mary Jenkins should be viewed as if she were an alleged accomplice because her own testimony and that of Ben Wright, Jr., clearly show that she was an accomplice to the other defendants. A review of the record fails to support such a theory. Appellant's enumeration No. 5 is without merit.

6. In Case No. 36301 (pro se), appellant contends the trial court erred in denying his extraordinary motion for new trial. He alleges there was evidence discoverable under Brady v. Maryland, 373 U. S. 83 (83 SC 1194, 10 LE2d 215) (1963), relating to impeaching material concerning the witness Mary Jenkins, particularly criminal offenses for which she was not prosecuted in exchange for her testimony.

In its order denying the motion, the trial court stated that it had carefully considered the entire file of the case and could find no material favorable to the defendant.

The trial transcript shows that Mary Jenkins, on direct examination, testified to numerous arrests and convictions. Defense had the opportunity at that time to question her concerning prior convictions and any promises by the prosecution for her testimony. We held in *Goodwin v. State,* 240 Ga. 605 (242 SE2d 119) (1978), that any errors which could have been discovered through the exercise of proper diligence cannot form the basis for an extraordinary motion for a new trial. The trial court did not err in denying the extraordinary motion for new trial.

We have reviewed the record, the briefs and citations of authority and in our opinion the evidence, viewed in the light most favorable to the verdict, would enable a rational fact finder to find the appellant guilty of murder beyond a reasonable doubt. Jackson v. Virginia, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

*Judgments affirmed. All the Justices concur.*

SUBMITTED MAY 30, 1980 — DECIDED SEPTEMBER 5, 1980.

*Thurbert E. Baker, Louise T. Hornsby,* for appellant (Case No. 36300).

*Lewis R. Slaton, District Attorney, H. Allen Moye, Assistant District Attorney, Arthur K. Bolton, Attorney General, Mary Beth*

*Westmoreland, Staff Assistant Attorney General,* for appellee.
  *Louise T. Hornsby,* for appellant (Case No. 36301).
  Bernard Depree, *pro se* (Case No. 36301).