62939. ROBERTSON v. THE STATE.

SOGNIER, Judge.

1. Appellant was convicted of commercial gambling and possession of a firearm by a convicted felon. He contends the trial court erred by denying his motion for a directed verdict of acquittal and motion for a new trial because the state did not prove venue as to commercial gambling. Appellant had in his possession lottery paraphernalia when he was arrested in Macon, Bibb County, Georgia; the case was tried in the Superior Court of Bibb County. "The venue of the defendant's offense of aiding in the maintaining of a lottery, if participation is otherwise shown, is the place where the defendant is found with the lottery paraphernalia; that is, the place where the defendant is participating." *Hodges v. State,* 100 Ga. App. 607, 610 (112 SE2d 226) (1959). See also *Mills v. State,* 71 Ga. App. 353, 363 (7) (30 SE2d 824) (1944); *Simmons v. State,* 72 Ga. App. 16, 19 (6) (32 SE2d 842) (1945); *Flanigan v. State,* 83 Ga. App. 835, 837 (65 SE2d 37) (1951). Thus, this enumeration is without merit.

2. Appellant contends the evidence is not sufficient to support the charge of commercial gambling, as mere possession of gambling devices or equipment would not prove that appellant was engaged in commercial gambling. Appellant was in possession of a small notebook, and some loose pieces of paper inside the book, when he was arrested. An expert witness testified that the numbers and markings in the book showed that it was a lottery (numbers) record book, and from the book he concluded that appellant was a street manager or a "rider," i.e., a person in a lottery operation who collects money on a daily basis for lottery tickets and turns the money over to a "drag man." Another police officer also testified that the numbers in the notebook indicated that a person with such a book would be

classified as a rider. Such evidence is sufficient to show that appellant was engaged in a lottery operation. *Hodges,* supra.

3. Appellant contends the court erred in denying his motion to suppress as the evidence did not show probable cause for a warrantless search. We do not agree.

In regard to stopping the vehicle a police officer, Brown, had received information from a reliable informant that he had just seen appellant in a specified residence with a firearm concealed on his person and with lottery paraphernalia in his possession. The informant described the clothing appellant was wearing and said that appellant would be leaving the residence in a green Plymouth automobile with a designated license plate number. Shortly after receiving the information, the residence was placed under surveillance and a few minutes later a person fitting appellant's description departed the house with two other persons and got in the automobile described to the police. The police followed the car a short distance and stopped it. Appellant was riding as a passenger in the center front seat.

The United States Supreme Court has held that a policeman was justified in stopping an individual on a "tip" that he was carrying a gun, and the Fourth Amendment does not require a police officer who lacks the precise level of information necessary for probable cause to arrest an individual, to walk away and permit the crime to occur or the criminal to escape. Adams v. Williams, 407 U. S. 143 (92 SC 1921, 32 LE2d 612). The information possessed by Officer Brown constituted "specific and articulable" facts which justified stopping the vehicle. Adams, supra. See also *Peters v. State,* 148 Ga. App. 850, 852 (2) (253 SE2d 214) (1979); *Allen v. State,* 140 Ga. App. 828, 830 (232 SE2d 250) (1976); *Brisbane v. State,* 233 Ga. 339, 343 (211 SE2d 294) (1974).

As to the arrest, when Brown approached the vehicle he saw appellant place what Brown believed to be a gun under the front seat. Appellant was ordered to place his hands on the dash; Brown then reached under the seat and found two revolvers. Since Brown observed appellant attempting to conceal a weapon and carrying a concealed weapon is a crime, Code § 26-2901, Brown had authority to arrest appellant because he was committing a crime in Brown's presence. Code § 27-207; *State v. Sanders,* 154 Ga. App. 305 (2) (267 SE2d 906) (1980). The subsequent search of appellant after Brown found the guns and ordered appellant out of the car was, thus, incident to a lawful arrest and no warrant was required. Code § 27-301; *Humphrey v. State,* 231 Ga. 855, 858 (204 SE2d 603) (1974).

As to the search of the automobile in which appellant was a

passenger, the vehicle did not belong to him and he has no standing to object. United States v. Salvucci, 448 U. S. 83 (100 SC 2547, 65 LE2d 619).

*Judgment affirmed. Shulman, P. J., and Birdsong, J., concur.*

DECIDED MARCH 2, 1982 —
REHEARING DENIED MARCH 18, 1982.

*Joe E. Williams, Jr.,* for appellant.
*Willis B. Sparks III, District Attorney, G. F. Peterman III, Assistant District Attorney,* for appellee.