## 64804. BROWN v. THE STATE.

Banke, Judge.

The appellant appeals his conviction of burglary, enumerating as error the general grounds and the admission into evidence of a co-defendant's confession. *Held:*

1. The evidence was sufficient to enable a rational trier of fact to find the appellant guilty beyond a reasonable doubt. *Crawford v. State,* 245 Ga. 89 (263 SE2d 131) (1980); *Driggers v. State,* 244 Ga. 160 (259 SE2d 133) (1979).

2. The trial court did not err in admitting into evidence the confession of appellant's co-defendant. After the two were arrested together, the co-defendant, outside appellant's presence, voluntarily gave a statement confessing to his own participation in the burglary and implicating appellant. Both defendants unsuccessfully moved for severance, and appellant's counsel excepted, both before and during the trial, to admission of the co-defendant's statement. The court in admitting the statement ordered that the word "blank" be substituted for appellant's name and for all other identifying phrases and instructed the jury that the statement could be considered as evidence against the co-defendant only. Appellant contends that admission of the statement, even in edited form, violated both Ga. Code Ann. § 38-414 and the Sixth Amendment to the United States Constitution and therefore constituted reversible error.

Bruton v. United States, 391 U. S. 123 (88 SC 1620, 20 LE2d 476) (1968), presented a factual situation closely similar to that in the instant case. The co-defendant in Bruton, like appellant's co-defendant, did not take the witness stand. The Supreme Court held that because there existed a "substantial risk that the jury, despite instructions to the contrary," would be influenced by the co-defendant's extrajudicial statement, admission of the confession at the joint trial "violated petitioner's right of cross-examination secured by the Confrontation Clause of the Sixth Amendment." *Id.* at 126. Georgia Code Ann. § 38-414 prescribes that "[t]he confession of one joint offender or conspirator, made after the enterprise is ended, shall be admissible only against himself."

It is well settled, however, that when a co-defendant's confession is edited so as to delete all reference to another defendant, whether by name or by other identifying phrases, the confession is admissible at a joint trial. *Depree v. State,* 246 Ga. 240 (271 SE2d 155) (1980). Accord, *Gibson v. State,* 158 Ga. App. 501 (280 SE2d 900) (1981); *Bailey v. State,* 157 Ga. App. 222 (276 SE2d 843) (1981). In the case *sub judice,* the editing process comported with that sanctioned in *Depree,* supra. Moreover, the appellant has shown no prejudice

which might have been avoided had the confession been excluded. *Judgment affirmed. McMurray, P. J., and Birdsong, J., concur.*

Decided October 18, 1982 —
Rehearing denied November 23, 1982.

*Derek H. Jones, J. Russell Mayer,* for appellant.

*Lewis R. Slaton, District Attorney, Joseph J. Drolet, Benjaman H. Oehlert III, R. Michael Whaley, Assistant District Attorneys,* for appellee.