## 66970. BLUE v. THE STATE.

Deen, Presiding Judge.

Ronald M. Blue was granted an out of time appeal from his conviction of burglary. He contends that it was error for the trial court to admit a co-defendant's oral statement into evidence and that the court erred in charging the jury on the forms of the verdict.

1. The evidence showed that appellant Blue was apprehended by a police officer while fleeing from a furniture store which was burglarized; his co-defendant, Culver, was discovered hiding inside. There was also evidence of other people looting the store and of an attempt to enter the store's safe. Both defendants testified on their own behalf, and after Culver testified, he was cross-examined by the prosecution as to an oral statement he made to a police officer. Culver denied making an oral statement, claiming he made one on tape. The officer denied the statement was taped, and the state sought to introduce the oral statement over appellant's objection. The statement was edited to omit any reference to Blue, in compliance with the rule set forth in Bruton v. United States, 391 U. S. 123 (88 SC 1620, 20 LE2d 476) (1968), before it was presented to the jury. The officer testified: "Culver said that another person was supposed to have checked out the store ahead of time, and Mr. Culver said that another person had told him that he had checked out the store and found that they had a small type safe that could be — the store could be broken into and carry the safe to another location to open. Mr. Culver said that when he got inside Jordan's Furniture, he found that it was one of those old big safes that couldn't be carried."

Unlike the statement in *Edge v. State,* 144 Ga. App. 213 (240 SE2d 765) (1977), where an inescapable inference could be drawn that the only other participants in the crime which were referred to in the statement were seated together at the defense table, the evidence in the instant case showed that other people who were not present at trial were involved in looting the store and that appellant was not the only person who could be referred to in the statement. Moreover, he was apprehended on the side walk outside the store and was not in the vicinity of the safe referred to in the statement. We find no error in admitting this statement, and as Blue had the opportunity to cross-examine his co-defendant about his extra-judicial statement, there was no Bruton violation because the rule was inapplicable. *Depree v. State,* 246 Ga. 240 (271 SE2d 155) (1980). See also *Durham v. State,* 240 Ga. 203 (240 SE2d 14) (1977); *Cape v. State,* 144 Ga. App. 193 (240 SE2d 736) (1977).

2. Appellant's second contention that the court failed to charge all applicable forms of the verdict is without merit. The court charged that the jury was to find the guilt or innocence of the defendants, the required burden of proof, the elements of burglary, and the form of the verdict if they should find him not guilty of burglary. The lesser included offense of criminal trespass was also charged, and the written form of the verdict which was sent out with the jury reads: "We the jury, find the defendant, Ronald M. Blue ——." This form was returned with "guilty as charged" filled in the blank space. The charge when considered as a whole clearly gave the jury the option of finding the defendant guilty or not guilty of either burglary or criminal trespass, and the written form allowed the jury to enter their verdict according to their finding of guilt or innocence.

*Judgment affirmed. Banke and Carley, JJ., concur.*

DECIDED OCTOBER 26, 1983 —
REHEARING DENIED NOVEMBER 16, 1983 —

*Eugene Highsmith,* for appellant.
*Glenn Thomas, Jr., District Attorney, E. Jerrell Ramsey, Assistant District Attorney,* for appellee.