## 67140. BROOKS v. THE STATE.

DEEN, Presiding Judge.

Leland Brooks appeals from his conviction of two counts of first degree forgery. Appellant has filed twenty-one enumerations of error, and counsel who was appointed to assist him at trial has filed seven. Where enumerations are duplicated or deal with the same subject matter, they are treated as a single enumeration.

1. Appellant's enumerations 1—5 are challenges to indictment number 2660. Brooks, however, was not tried under 2660, an individual indictment, but under 2633, a joint indictment with his co-defendants. Thus, these issues are not properly before this court for appellate consideration.

2. Brooks contends that there was no probable cause for a "Terry stop" and the subsequent search; his counsel contends that the court erred in denying his motion for the return of $641 seized

from his person during the pat-down search and that the denial of his motion to return the money prevented him from securing effective counsel of his own choosing.

The arresting officer testified that he received a report from a motel employee who believed that he had received a fraudulent money order in payment for a room. The officer stopped the vehicle in which Brooks was riding after observing suspicious behavior on the part of the occupants (one man, the driver, entering two motels and, upon his return to the automobile, passing something to a passenger in the rear seat). At the time the pat-down search was conducted on appellant (the passenger in the rear seat), the officer felt a hard item in appellant's right-hand breast pocket. When removed it was discovered to be a wad of bills.

The officer's testimony reveals probable cause for a "Terry stop" and a pat-down search under Terry v. Ohio, 392 U. S. 1 (88 SC 1868, 20 LE2d 889) (1968), and the trial court correctly denied appellant's motion because the money was admissible as evidence as fruits of the crime.

As the motion was properly denied, there is no merit in appellant's contention that the seizure of this money prevented him from hiring counsel of his own choosing.

3. It was not error to deny the motion to suppress blank money orders seized during an inventory search of the vehicle. The transcript shows appellant failed to prove he had standing to object to the search and admitted that he did not have standing. An accused cannot complain about a search where there is no evidence that the searched vehicle belonged to him. *Robertson v. State,* 161 Ga. App. 715, 716 (288 SE2d 362) (1982).

4. Appellant's contentions that he should not have been required to attend the preliminary hearing and arraignment without benefit of counsel are not supported by the evidence. At the preliminary hearing on February 22, 1983, he did not request counsel and chose to represent himself. The court had earlier offered to appoint counsel to represent him at the hearing on his motion for bail reduction on January 20, 1983, and he declined the offer, stating that he wanted to hire counsel himself. On February 10, 1983, at a hearing on certain motions filed by Brooks, the court offered to appoint counsel to represent him. Brooks then requested that a certain attorney be appointed, but the judge declined, stating that he would appoint the next attorney on the list. At arraignment, the defendant chose to represent himself, and the court appointed an attorney to assist him with the trial of his case.

Indigent defendants do not have a right to counsel of their choice. The appointment of the attorney to represent such a

defendant is within the discretion of the trial court. *Fleming v. State,* 246 Ga. 90 (270 SE2d 185) (1980). The record indicates that appellant chose to represent himself and filed motions on his own behalf at least one month prior to the preliminary hearing, that he stated he wished to hire his own attorney, and when he found he was unable to afford counsel was willing to accept court appointed counsel only of his own choosing. The various transcripts filed in this case show that he understandingly and intelligently waived his right to counsel and preferred to exercise his right of self-representation. *Sliger v. State,* 248 Ga. 316 (282 SE2d 291) (1981). He is also estopped to assert a claim of ineffective assistance of counsel at any stage of the proceedings wherein he acted as his own counsel. *Mullins v. Lavoie,* 249 Ga. 411, 412 (290 SE2d 472) (1982).

5. The denial of appellant's motion *in limine* objecting to the introduction of a statement of a co-defendant was not error. The statement had been altered to delete appellant's name and referred only to "a person." As there was another co-defendant seated at the counsel table at trial, and this statement did not refer to just appellant, its admission into evidence did not violate the rule set forth in Bruton v. United States, 391 U. S. 123 (88 SC 1620, 20 LE2d 476) (1968). *Depree v. State,* 246 Ga. 240, 241 (271 SE2d 155) (1980); *Blue v. State,* 168 Ga. App. 868 (310 SE2d 748) (1983). See also *Edge v. State,* 144 Ga. App. 213 (240 SE2d 765) (1977). The court instructed the jury to construe the statement only against the maker of it, and we find no merit in appellant's contention that the court erred in denying his motion for a mistrial after the statement had been admitted. *Depree v. State,* supra.

6. Appellant assigns error to the introduction into evidence of the reverse side of two money orders when the state did not incorporate the reverse side into the indictment or submit them in response to a Brady motion. Appellant was prosecuted as a party to the crime, and the evidence showed he was travelling with the forger, probably had possession of the 12 money orders which were found where he had been sitting in the rear seat of the automobile, and possessed $612 in cash. The prosecution presented evidence that his cousin, Terry Brooks, endorsed the back of the money orders by presenting eyewitnesses who witnessed him sign them. As Leland Brooks was being tried as a party to the crime and there was no evidence that he signed them, he was sufficiently implicated in the crime that this evidence was not exculpatory and required to be produced upon a Brady motion.

7. The prosecutor in the indictment is permitted to remain at the counsel table for the district attorney to assist him during the trial of the case even though he may appear in the case as a witness.

*Howard v. State,* 144 Ga. App. 31 (240 SE2d 589) (1977); *Norman v. State,* 121 Ga. App. 753 (175 SE2d 119) (1970). He is permitted to testify after the other state witnesses. *Brown v. State,* 150 Ga. App. 831 (258 SE2d 641) (1979); *Davis v. State,* 242 Ga. 901 (252 SE2d 443) (1979).

8. It was not error to deny appellant's motion for a mistrial after the district attorney, while questioning a police investigator, described the money orders as "bad money orders." Immediately following counsel's objection the court instructed the jury that there was no evidence that the money orders were bad and told it to disregard the question. We find no error because the court properly followed the procedure set forth in OCGA § 17-8-75 (Code Ann. § 81-1009). The extent of a rebuke and instruction to the jury is within the trial court's discretion. *High v. State,* 153 Ga. App. 729, 731 (266 SE2d 364) (1980); *White v. State,* 159 Ga. App. 545 (284 SE2d 76) 1981); *Benefield v. State,* 140 Ga. App. 727, 730 (232 SE2d 89) (1976).

9. Appellant contends that the state failed to prove the crime alleged, erred in allowing the case to go to the jury on the theory of parties to a crime, and erred in not giving the Garguilo charge.

OCGA § 16-2-21 (Code Ann. § 26-802) provides: "Any party to a crime who did not directly commit the crime may be indicted, tried, convicted and punished for commission of the crime upon proof that the crime was committed and that he was a party thereto . . ." OCGA § 16-2-20 (Code Ann. § 26-801) sets forth the criteria for determining when a person is a party to a crime, and the evidence shows that appellant's conduct falls within that code section. The conspiracy need not be alleged in the indictment. *Hamby v. State,* 158 Ga. App. 265 (279 SE2d 715) (1981).

The court was not required to give the charge based on United States v. Garguilo, 310 F2d 249 (2d Cir. 1962), which holds that a person cannot be accused of a crime for merely being a knowing spectator. No request for such a charge was submitted, and the evidence showed that appellant was not a mere knowing spectator but was seen receiving the proceeds of the crime.

10. Appellant did not request a charge on unrelated crimes, and there is no evidence of other crimes offered at trial.

11. It was not error to deny appellant's motion for a directed verdict of acquittal at the close of the state's evidence.

Under OCGA § 17-9-1 (Code Ann. § 27-1802), a defendant is entitled to a directed verdict of acquittal "[w]here there is no conflict in the evidence and the evidence introduced with all reasonable deductions and inferences therefrom shall demand a verdict of acquittal or 'not guilty' as to the entire offense or to some particular count or offense . . ." The evidence in the present case showed that the

appellant was present in the vehicle when his cousin Terry Brooks went into the motels and cashed the money orders by endorsing the name "James L. Bradshaw" on the back, the arresting officer saw him pass something to the appellant in the rear seat of the automobile immediately upon his return and the discovery of 12 blank money orders partially concealed in the seat where the appellant was sitting when the vehicle was searched.

12. The remaining enumerations of error are totally without merit or are deemed to be abandoned as they are not supported by argument or citation of authority. Court of Appeals Rule 15 (c) (2) (Code Ann. § 29-3615).

*Judgment affirmed. Banke, J., concurs. Carley, J., concurs in the judgment only.*

DECIDED JANUARY 3, 1984 —
REHEARING DENIED JANUARY 24, 1984 — ▮▮▮▮▮▮▮

Leland H. Brooks, *pro se.*
*John A. Henderson,* for appellant.
*Darrell E. Wilson, District Attorney, Gerard P. Verzaal, Assistant District Attorney,* for appellee.