A90A1581. MAYS v. THE STATE.

(401 SE2d 597)

POPE, Judge.

Defendant James Edward Mays was tried and convicted of two counts of armed robbery for the hold-up of two convenience stores on

the evening of May 21, 1989. We affirm.

1. Defendant argues he was entitled to directed verdict of acquittal in regard to one of the counts because the evidence was insufficient to show he committed the crime by use of an offensive weapon. No pistol was found on defendant or in the automobile from which he fled before he was arrested. Instead, a toy gun was found on the floor of the car. Although the store clerk who was the victim of the crime testified it was her first impression that the gun defendant brandished was not real, she was not positive. The offense of armed robbery is committed "by use of an offensive weapon, or any replica, article, or device having the appearance of such weapon." OCGA § 16-8-41 (a). We hold the evidence created an issue for the jury to determine whether defendant was guilty under the armed robbery statute.

2. Defendant was tried jointly with his accomplice and argues the trial court erred in denying his motion to sever. "The defendant seeking severance must do more than raise the possibility that a separate trial would give him a better chance of acquittal. He must make a clear showing of prejudice and a consequent denial of due process." *Murphy v. State*, 246 Ga. 626, 629 (2) (273 SE2d 2) (1980). Defendant and his co-defendant shared the same last name and were both black males, but the record shows the two men and the evidence relating to each was carefully distinguished throughout the trial.

Neither was the defendant denied due process by the admission of the co-defendant's confession. The trial court properly instructed the jury that the confession could be considered only in connection with the case against the co-defendant and not the case against defendant. During the reading of the written confession the word "blank" was substituted for all references to the confessor's accomplice. The editing process adequately protected defendant's constitutional rights. See *Depree v. State*, 246 Ga. 240 (1) (271 SE2d 155) (1980); *Brooks v. State*, 169 Ga. App. 543 (5) (314 SE2d 115) (1984); *Brown v. State*, 164 Ga. App. 505 (2) (296 SE2d 215) (1982). The trial court did not err in denying defendant's motion to sever.

3. Finally, defendant challenges the sufficiency of the evidence. The victims did not identify defendant as the robber because both men who robbed the two stores were wearing stocking masks. However, the evidence shows the suspects for the robberies were travelling in an old model, light colored automobile. An automobile which matched the description was spotted immediately after the second robbery was reported and when a police officer commenced to chase the vehicle the driver took evasive action. When the automobile finally stopped and the officer pulled up beside it he observed the defendant exit the passenger side and run toward a nearby shopping center. Defendant was apprehended under an automobile in a nearby grocery store parking lot.

Upon searching the defendant, officers discovered bills, wadded up in defendant's pants, in the denominations stolen from the two stores. A toy gun was found in the floor of the passenger side of the automobile. At both stores, the victims heard one of the robbers call the other "James." The circumstantial evidence against defendant was sufficient to enable a rational trier of fact to find defendant guilty of both counts of armed robbery beyond a reasonable doubt. See *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

*Judgment affirmed. Beasley and Andrews, JJ., concur.*

DECIDED JANUARY 31, 1991.

*Culverhouse & Deems, Daniel R. Deems*, for appellant.

*Darrell E. Wilson, District Attorney, Mickey R. Thacker, Assistant District Attorney*, for appellee.